## NAYLOR v. EASTMAN NAT. BANK.

No. 12981—Opinion Filed Dec. 2, 1924.

Rehearing Denied June 10, 1924.

(Syllabus.)

**Dismissal—Voluntary Dismissal by Plaintiff.**

By virtue of section 665, Comp. Stat. 1921, the plaintiff may, without leave of court but upon payment of costs, dismiss his civil action at any time before judgment has been rendered therein, provided his adversary has filed no pleading therein seeking affirmative relief. This the plaintiff may do by filing in such case his written and signed statement that he does so dismiss and thereupon such dismissal is immediately effective without any order of dismissal being made by the court.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by the Eastman National Bank against D. L. Naylor. Dismissal by plaintiff, and defendant brings error. Affirmed.

W. A. Sipe, Jr., for plaintiff in error.

G. A. Chappell, for defendant in error.

PER CURIAM. The Eastman National Bank brought suit in the district court of Kay county against D. L. Naylor et al., and after issues were joined it filed its dismissal of the action, which the court held effective over defendant's objection, and defendant appealed.

The pleadings in the case consisted of the plaintiff's petition and the defendant's answer, in which he asked no affirmative relief, but in which he set up new matter sufficient to constitute a complete defense and which new matter was not denied by the plaintiff in a reply. The defendant thereupon filed a motion for judgment upon the pleadings, admitting the sufficiency of plaintiff's petition but asserting that upon the allegations of new matter in his answer, which stood admitted by the record, he was entitled, as a matter of law, to judgment denying relief to the plaintiff and for his costs. This motion constitutes proper procedure under section 682, Comp. Stat. 1921, and a long line of decisions by this court. After this motion was argued and submitted to the court for consideration and before the court determined the same, the plaintiff filed in the action its written and signed dismissal thereof. The court denied defendant's motion to strike the dismissal and held the dismissal to be effective.

Section 665, Comp. Stat. 1921, grants unto a plaintiff a right of dismissal in addition to the right given him by section 664. In order for a plaintiff to dismiss his action under section 664, supra, he must obtain an order of the court to that effect, while under section 665, supra, his signed and filed written dismissal alone effectively terminates the action if filed in accordance therewith. So we held in Mullen et al. v. Noah, 64 Okla. 182, 166 Pac. 742. It is not necessary to determine here whether the submission to the court of defendant's motion for judgment upon the pleadings was such "final submission of the case" as bars the plaintiff from then dismissing his action under section 664, supra. This is true because under section 665, supra, the plaintiff may so dismiss upon payment of costs at any time before his adversary has filed a pleading in the action asking affirmative relief. He may in the absence of such pleading therefore do so until the case has been terminated by the judgment of the court. The case of State v. District Court, 32 Mont. 37, 79 Pac. 546, cited by plaintiff in error, is not in point, because there the statute requires such dismissal to be made before trial. No such limitation appears in section 665. Thus the lower court held and so do we. Its judgment is affirmed.