## CLAUSSEN v. AMBERG.

No. 18350. Opinion Filed May 15, 1928.

Rehearing Denied April 16, 1929.

Twyford & Smith and Leo G. Mann, for plaintiff in error.

M. S. Singleton, for defendant in error.

JEFFREY, C. This action was commenced by A. B. Claussen, as plaintiff, against H. Amberg, defendant, in the district court of Oklahoma county, to quiet title to several blocks of land situated m Brooklyn addition to Oklahoma City. Plain-tiff, having obtained service by publication, took default judgment against defendant on January 22, 1925. On January 23, 1925, defendant filed his motion to vacate the judgment, and included therein an answer denying that plaintiff was the owner of said property. Defendant alleged, by way of answer, that plaintiff derived his title by a tax deed, which tax deed was void, and further alleged that defendant was the absolute owner of said land. On February 21, 1925, defendant filed an amendment to said motion and answer, in which he reiterated his allegations that the tax deed, by which plaintiff claimed, was void, and set up a copy of the tax deed. On July 14, 1925, defendant filed a second amendment to his motion and answer, by which he again denied that plaintiff owned any title to said land, but claimed absolute title in himself. On the last mentioned date, a hearing was had upon defendant's motion to vacate the default judgment and his amendments thereto. The motion was sustained, and the judgment vacated, allowing defendant to come in and defend the action, and requiring defendant to pay the costs to that date. From this judgment plaintiff appealed. The judgment of the trial court was affirmed by the Supreme Court, in Claussen v. Amberg, 119 Okla. 187, 249 Pac. 330. On October 1, 1926, the mandate of the Supreme Court in said cause was filed with the court clerk of Oklahoma county; and on the next day, plaintiff filed a petition asking permission to dismiss the action, and secured an order of the court dismissing the action. The only reason assigned in the petition for a dismissal was that the Supreme Court had sent down its mandate in said cause, and the order assigned no reason other than plaintiff's request. On October 7th, defendant filed a motion for judgment by default, and on the same date filed a third amendment to his answer, in which he alleged ownership and possession of said land, and prayed that his title thereto be fully quieted. On November 13, 1926, a hearing was had upon defendant's motion for default judgment, and his answer and cross-petition on file in said cause, and on November 20th, judgment was rendered canceling plaintiff's tax deed, and quieting title to said lands in defendant. From this judgment, plaintiff has again appealed to this court.

Several assignments of error are presented as grounds for reversing the judgment of the trial court, but after a careful examination of the record and briefs in the case, we are of the opinion that only one

question need be considered: Did the trial court have jurisdiction to render default judgment for defendant after the order of dismissal was entered? Defendant contends that his answer and amendments thereto filed prior to the order of dismissal prayed for affirmative relief, and that by reason thereof plaintiff's dismissal of the action cannot prejudice his right to proceed with the action. The trial court found that the original answer asked for affirmative relief, and based its judgment upon this finding. The motion to vacate the default judgment, which includes the answer and the amendments thereto, are too long to set out here, but upon a careful reading of these pleadings, we fail to find any prayer or request for affirmative relief, such as is contemplated by section 665, C. O. S. 1921. It is true that in each of these pleadings defendant asked that the default judgment be vacated, and that he be permitted to come in and defend the action. That request was granted by the court in its judgment on July 14, 1925. But prior to the filing of the order of dismissal, defendant had no pleading on file asking that plaintiff's tax deed be canceled, or that his title be quieted, or for any other affirmative relief which would entitle him to proceed with the action after dismissal by plaintiff as provided by the statute.

Counsel for defendant contends that the order of dismissal did not in fact dismiss the action, since there were unpaid costs in the case, and plaintiff paid no cost. The record shows that plaintiff deposited $10 costs at the time of commencing his suit. On July 14, 1925, judgment was rendered, vacating the original default judgment and requiring defendant to pay the cost to that date. At that time the total cost in the case was $17.55. On the date plaintiff secured an order of dismissal, the costs only amounted to $19.80, being only $2.25 in excess of the amount of costs adjudged against the defendant. Defendant did not comply with the judgment requiring him to pay the costs, but if he had, the additional cost over and above the amount required of him could have been retained from plaintiff's original deposit, and plaintiff would have been entitled to a refund of $7.75. Under this state of facts, could the order dismissing the action be said to be void? We think not. The order of dismissal was a valid judgment, and so long as the same remained in force, plaintiff had no further rights or interest in the action. He had done all that was required of him, and defendant's failure to comply with that part

of the order should not interfere with plaintiff's right to dismiss the action. As to whether the action remained pending in the sense that defendant could be compelled to pay the cost as adjudged against him, we do not determine, but the order of dismissal under the facts appears to be a valid order. It was never set aside nor attacked in any manner. It was in force on the date judgment was rendered. After the order of dismissal was made, defendant filed for the first time a pleading asking for affirmative relief, which he styled as a third amendment to his answer, and sought a trial upon this pleading. Under this state of the record, the court had no jurisdiction to render judgment for defendant.

Counsel for defendant admits that defendant was adjudged to pay the cost accrued up to July 14, 1925, but says that the order and judgment making such requirement was appealed from, and immediately upon the affirmance of that judgment by the Supreme Court, plaintiff attempted to dismiss the action, and that there never had been a time when defendant could pay the cost pursuant to the order. We are of the opinion that he could have paid the costs. He was only required to pay the cost to the date of the judgment rendered on July 14, 1925, and so far as the record discloses, there was nothing to prevent him from doing this at any time. Defendant was not entitled to disobey the order, and at the same time seek its enforcement against plaintiff.

The judgment of the trial court is therefore reversed and vacated.

HERR, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.