## No. 13,251.

### BRICKEY *v.* HERRING.
(41 P. [2d] 298)

Decided January 14, 1935.   Rehearing denied February 11, 1935.

Messrs. LEE, SHAW & McCREERY, for plaintiff in error.

Mr. FRANK SWANCARA, Mr. STEPHEN R. CURTIS, of counsel, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

REFERENCE will be to the parties as plaintiff and defendant, as they appeared in the trial court.

Plaintiff, a minor, 15 years of age, through her next friend, filed her complaint January 5, 1931, alleging damages by reason of injuries sustained as a result of defendant's negligence in causing an automobile collision November 2, 1930, at the intersection of East 8th avenue and Grant street, Denver, Colorado, shortly after midnight. Upon a jury verdict, she was given judgment against defendant in the sum of $6,000. Error is assigned.

The intersecting streets were both designated as "through traffic" streets, and this intersection was marked by a "blinker" light, which was out of order at the time of the collision. Plaintiff was a guest in a Ford automobile which was being driven west on 8th avenue, by one Evald Anderson. In the car were three young men and three young ladies, including Anderson and plaintiff. Defendant, accompanied by her husband in the front seat and Mrs. Hensler in the rear seat, was driving a Buick automobile south on Grant street. It should here be noted that defendant's automobile was approaching the intersection from the right of the car in which plaintiff was riding, and under a Denver ordinance, introduced in evidence, had the right of way.

Defendant's car was turned upside down, headed north on the curbing at the southwest corner of the intersection. The Ford, right side up, stopped against a tree 67 feet west of the curb corner of the southwest corner of the intersection. Both right wheels were buckled, and the evidence and photographs show collision injuries on the right side of the car extending from the front toward the rear. The Buick was demolished, and the front springs driven to the right about 45 degrees off the line of proper setting. At the northeast corner of the intersection is a high brick property wall. Defendant was familiar with the conditions at this corner and was driving 25 to 27 miles per hour in the block just north of the intersection. She reduced her speed to less than 20 miles per hour when approaching the crossing and the headlights on her car were burning. This is not contradicted, save by inference from plaintiff's evidence. Defendant says that when she reached a point of view around the wall toward the east, she saw on her left the lights of an automobile at about the alley, east of the intersection, or about 140 feet away, but knowing she had the right of way, proceeded across the intersection. That when she had passed the center line of 8th avenue, in the intersection, she saw the Ford, the car previously observed, coming at tremendous speed.

■ The evidence seems to show that Anderson, the driver of the car in which plaintiff was riding, was exceeding the speed limit of 20 miles per hour, and according to his testimony, while he knew that 8th avenue was a stop street all the way to Broadway, he did not stop to think that there were through cross streets, and he was driving as though he was driving on a through street. He also testified that he did not see defendant's car at any time, although he looked to the right into Grant street. The plaintiff testified she was sitting on the lap of another passenger in the rear seat, was facing northwest and saw the lights of defendant's car coming directly toward her. The lights of defendant's car were burn-

ing after the accident. It is clear, from the evidence, that defendant's car was approaching this intersection from the right of the car in which plaintiff was riding with its headlights burning brightly, and that the driver of the latter failed to see these lights or defendant's car approaching. An accident having happened, it is evident that the driver of plaintiff's car failed in the performance of his duty and he will be presumed to have seen what he should and could have observed in the performance of his duty. *Kracaw v. Micheletti,* 85 Colo. 384, 276 Pac. 233.

Plaintiff, and the driver of the car in which she was riding, by the defendant's answer, were charged with contributory negligence; therefore the real question to be determined in this case is not whether the negligence of the driver of the car in which plaintiff was riding, can be imputed to the plaintiff, a guest, but can the defendant or third party be held responsible if such alleged contributory negligence was the proximate cause of the accident?

"It is not a question as to whether the negligence of the driver is to be imputed to the guest or occupant, but if the driver caused the accident there could be no reason why a third party should be held responsible for it." *Washington B. & A. R. R. Co. v. State,* 136 Md. 103, 118, 111 Atl. 164.

The contributing negligence of the driver of the Ford car necessarily became a factor before the question of imputability could be considered. The trial proceeded generally upon the theory that it made little difference what the driver of the Ford car was doing with respect to obeying the ordinances, rules of the road, and careful driving, because plaintiff, as a guest, could not be charged with such acts, if negligent. Upon confusing and inconsistent instructions on this question, the court erroneously submitted the case to the jury, when, there not being sufficient evidence to establish negligence on the part of the defendant, it should have determined the

question as a matter of law. The defendant was where she had a right to be, and, so far as is disclosed by this record, was obeying the ordinances governing traffic. She proceeded into the intersection, and was there met by a car in which plaintiff was riding, and which was being driven, according to the driver's own testimony, at a rate of speed in excess of the limit fixed by the ordinance and without due regard to cross stop streets, one of which was involved in this accident, and he failed entirely to see defendant's car on his right when it unquestionably was at or near the intersection. The physical facts disclosed by the evidence preclude any other conclusion, and substantiates the theory that the negligence of the driver of the car in which plaintiff was riding was the sole and proximate cause of the accident.

Under a Denver ordinance, the car on the right has the right of way, and the primary duty of avoiding an accident, such as occurred here, rests with the driver on the left. There is no evidence in this case to sustain the burden resting upon plaintiff to show that the defendant on the right so wrongfully, negligently or unlawfully operated her car as to deceive a careful and prudent driver on the left and who, observing the ordinances and rules of the road, could proceed under the warranted assumption that he had the right of way as a relative right with due regard to the safety of himself and others using the streets. The evidence clearly supports the conclusion that defendant was unlawfully deprived of the right of way.

We do not find it necessary to discuss other assignments. Under the evidence, we conclude that plaintiff failed to meet the burden which was upon her in this case, and the judgment should be, and is, reversed and the cause remanded with directions to dismiss the complaint.

. MR. JUSTICE CAMPBELL not participating.