FORSYTHE *v.* HENRY M. MCCARTHY.

No. 13,708.

FORSYTHE *v.* ELIZABETH MCCARTHY.
(57 P. [2d] 1)

Decided March 16, 1936. Rehearing denied April 27, 1936.

Messrs. McHendrie, Shattuck & Pointer, for plaintiff in error.

Messrs. Langdon & Barbrick, for defendants in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

The record before us presents for review judgments in two cases growing out of an automobile accident. These were consolidated for trial below and will be considered together on this review.

Henry M. McCarthy filed complaint in a suit to recover for expenses incurred by him for the treatment of injuries to, and care of, his minor daughter Mary Elizabeth, the injuries having resulted from the accident. In a separate action, the daughter, by her father as next friend, sought to recover for such injuries. On the daughter's complaint a jury awarded damages in the sum of $990, and in the action instituted by the father judgment was entered in his favor for $399.70.

Defendant Forsythe, doing business as the Forsythe Mercantile Company, owned an auto truck which, at the time of the accident resulting in the injuries of which complaint is made, was loaded with merchandise and being operated on a public highway by one of his employees. A collision occurred between this truck and an automobile in which the daughter was riding as a guest, and the consequent damages form the bases of the judgments above mentioned, to review which a joint record and assignments of error are presented for our consideration.

September 15, 1933, Mary Elizabeth McCarthy, her

sister Imelda, William Bruce and Jim Williamson, the boys being sixteen years of age, were pleasure riding in a Ford sedan which belonged to the mother of Bruce, and he was driving. The two boys were schoolmates of Imelda. Bruce and Imelda were riding in front, Mary Elizabeth and Williamson occupying the rear seat. As they were proceeding south toward Pueblo, and about one mile north of that city, on highway No. 85, they came over a small hill at which time they observed defendant's truck some distance ahead of them. They say they were driving about forty or forty-five miles an hour at the time. The driver of the truck in question was expecting to, and did, meet a north bound truck from which there was to be an exchange of merchandise. As the trucks met, the driver of defendant's truck signaled the other truck driver for a stop, whereupon the north bound truck turned off to the right or east side of the highway into the grounds of a filling station located at this point. The driver of defendant's truck proceeded south approximately 175 feet and was turning east into a driveway leading to the residence of one Kirtley, when the automobile in which Mary Elizabeth was riding started to pass the truck to its left and the collision occurred, overturning the automobile in which she was a guest and her injuries resulted. Both truck drivers had companions riding with them, and all saw the accident, as also did Kirtley and his boy who were in his front yard at the time. All testified in defendant's behalf as to how the accident happened, and their testimony generally was favorable to him. Plaintiff and her three companions testified substantially to the contrary. The conflict in the testimony was intensified by the disputed question of whether the driver of defendant's truck gave proper signal, if any at all, before turning to the left across the highway; also on the question of whether Bruce, the driver of the automobile in which plaintiff was riding, was paying any attention or would have seen any signal by the truck driver if one was given.

Defendant insists that the preponderance of the evidence, including that of the mute physical facts, establish that the driver of the truck was guilty of no negligence and he contends that the court should have so directed the jury on his motion at the close of plaintiff's case. He makes the further contention that the verdict is against the evidence.

To avoid undue length of opinion, details of the evidence are omitted, it being necessary only to state that it was sharply conflicting and resolved in plaintiff's favor by the jury, no complaint as to the amount of the verdict being registered. Such a verdict very properly withstands an attack on review, if the instructions to the jury were not erroneous.

Objection is made to given instruction No. 10, which is as follows: ''You are further instructed that if you find from a preponderance of the evidence that the driver of defendant's truck was negligent and that the collision occurred as a proximate result of such negligence, then your verdict should be for the plaintiff in each case, and it is entirely immaterial whether or not Bruce was negligent in the manner in which he drove the car in which Mary Elizabeth McCarthy was riding, or that such negligence of Bruce, if you find that he was negligent, was also a proximate cause of the collision and resulting injury.''

While this instruction is not a model for excellence of form and is not approved as such, it does escape condemnation as being erroneous. If the last half of the instruction has any meaning at all, it may be considered a clumsy expression of the intention to instruct the jury that negligence of the driver of the automobile in which plaintiff was a guest, is not imputable to plaintiff. Such is the law unless such negligence is the sole cause of the accident.

We find no definition of ''proximate cause'' in the instructions, which under the better practice should have been included; however, we believe the absence of

such definition resulted in no confusion when the other plain instructions are considered together as a whole. Defendant relies upon the case of *Brickey v. Herring*, 96 Colo. 181, 41 P. (2d) 298, which he urges is controlling here. The facts in that case are not analogous to those presented by the record here under consideration. About the only similarity is that both are guest cases. In the Brickey case the admitted negligence of the driver of the guest car was the sole cause of the accident and the defendant was free of negligence.

The judges of the facts in this case were sufficiently guided by other proper instructions, and we cannot say as a matter of law that they were misdirected by the one here questioned or that by reason of the latter their verdict should be disregarded.

The judgment in each case is affirmed.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE BURKE concur.