The **FIRESTONE TIRE & RUBBER COM-PANY**, a corporation, Plaintiff,

v.

James B. **BARNETT**, Defendant.

No. 43988.

Supreme Court of Oklahoma.

May 12, 1970.

Lytle, Soule & Emery, John C. Harrington, Jr., James C. Chandler, Oklahoma City, for plaintiff.

Howell & Stinchecum, Oklahoma City, for defendant.

DAVISON, Justice.

This matter is presented on an application to this court to assume original jurisdiction and petition for a writ of prohibition ordering the defendant to desist and refrain from further proceeding in his capacity as Special Judge of the District Court of Oklahoma County, Oklahoma, in cause No. CSC 69–2100, and to desist and refrain from exercising further jurisdiction in said case. The plaintiff will be referred to as petitioner and the defendant as respondent.

On July 30, 1969, the Firestone Tire & Rubber Company, as plaintiff (petitioner herein), filed its petition in the above named court against R. M. Akers, d/b/a Bonded Tire Exchange, as defendant. Plaintiff's petition alleged that it had previously entered into two written lease agreements with Dawson Home & Auto Supply leasing to "Dawson" certain retread matrices on a year to year basis, and in which both leases provided that in default of payment thereunder the lessor would be entitled to possession of the materials covered therein; that the lease

agreements and the leased matrices were assigned by "Dawson" to the defendant with the approval of all necessary parties. Plaintiff alleged default in rental payment by defendant and prayed for return of the involved property to plaintiff and for an attorney fee.

On October 20, 1969, defendant filed answer to plaintiff's petition by way of a general denial and stated for further answer, pertinent to the decision herein, as follows:

"\* \* \* the defendant alleges that each of said written agreements, \* \* \*, were in fact conditional sales contracts which have been fully consummated by delivery of the retread matrices and by full payment of the agreed purchase price; that Dawson Home & Auto Supply sold said matrices to Akers Retreading Plant for a valuable consideration, which in turn sold said retread matrices to R. M. Akers, d/b/a Bonded Tire Exchange, for a valuable consideration; and that the plaintiff has no right, title, interest or estate therein and is not entitled to possession thereof, and has no right to enter the premises of said defendant and to take possession thereof, without being liable to said defendant.

"Wherefore, having fully answered, said defendant prays that plaintiff take nothing by its said suit, and that defendant recover his cost herein."

On November 4, 1969, the defendant filed a motion for summary judgment, with brief in support thereof. On November 7, 1969, the trial court, at the request of counsel for plaintiff, granted briefing time, and entered the following minutes:

"Taken under advisement, 20 days to file brief of plaintiff." Following this action by the trial court the plaintiff, on November 7, 1969, dismissed its action, without prejudice, at the cost of plaintiff. The court costs were duly paid by plaintiff.

Thereafter the defendant, Akers, filed his motion to vacate the voluntary dismissal and to reinstate the cause, and over the objection of the plaintiff, the trial court entered its order vacating the dismissal and reinstated the cause. From this action of the court the plaintiff has filed the present application for the writ of prohibition involved herein.

The two statutes necessary for interpretation and decision under the facts and pleadings in the present case are in pari materia and will be construed together. These two statutes insofar as pertinent to the herein involved issues are quoted below:

12 O.S.1961, § 683, reads in part as follows:

"An action may be dismissed, without prejudice to a future action:

"First, By the plaintiff, before the final submission of the case to the jury, or to the court, where the trial is by the court.

\*    \*    \*    \*    \*    \*

"Sixth, In all other cases, upon the trial of the action, the decision must be upon the merits."

and

12 O.S.1961, § 684, reads in part as follows:

"A plaintiff may, on the payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. A plaintiff may, at any time before the trial is commenced, on payment of the costs and without any order of court, dismiss his action after the filing of a petition of intervention or answer praying for affirmative relief, but such dismissal shall not prejudice the right of the intervenor or defendant to proceed with the action. \* \* \*"

In the present case the respondent (defendant) judge relies on two theories in opposition to plaintiff's petition for a writ of prohibition. First, that the answer prayed for "affirmative relief," and Secondly, that the case had been "finally sub-

mitted" before the filing of the voluntary dismissal.

The petitioner first relies on the case of Naylor v. Eastman Nat. Bank, 107 Okl. 208, 232 P. 73, where, in the body of the opinion, this court held that the question of "final submission" under a statute, now 12 O.S.1961, § 683, supra, was immaterial because the case was dismissed under a statute, now 12 O.S.1961, § 684, supra, on the theory that under the latter statute the plaintiff could dismiss upon payment of costs at any time before his adversary had filed a pleading asking for affirmative relief. The reasoning in the cited case is not in complete harmony with the syllabus of the case wherein it is stated that the case may be dismissed "* * * *when his case has not been finally submitted* * * *" and provided no pleading has been filed by his adversary seeking affirmative relief. (emphasis ours) The cited case is not decisive of both involved theories.

We must first determine whether the answer above referred to prayed for affirmative relief. On this point, if the answer is such that affirmative relief was prayed for, Akers' right to proceed under § 684, supra, would be prejudiced. Conversely, if affirmative relief was not prayed for, then § 684 was applicable and the dismissal was valid. The answer was wholly defensive in nature which only denied and answered the allegations of Firestone's petition. The answer only tended to establish a defense or establish a bar to plaintiff's right to recover. The answer asked for no affirmative relief.

The case of Osborn v. White Eagle Oil Company, Okl., 355 P.2d 1041, is authority for the proposition that a defendant does not make a demand for affirmative relief by filing an answer defensive in nature which tends only to establish a defense or interpose a bar to plaintiff's right to recover. Also see Claussen v. Amberg, 136 Okl. 106, 276 P. 233; Allied Paint Mfg. Co. v. Banes, 208 Okl. 119, 253 P.2d 826; Swan-Sigler, Inc. v. Black, Okl., 414 P.2d 300.

The respondent argues that the defendant had a right to proceed with the action even though plaintiff's dismissal was timely filed. In support of this contention respondent cites and relies on the statement shown in 24 Am.Jur.2d § 45, and Long v. Bagwell, 38 Okl. 312, 133 P. 50, and Brown v. Massey, 19 Okl. 482, 92 P. 246. These citations are distinguishable from the present case. The Am.Jur.2d citation deals with counterclaims (not present here). In the case of Brown v. Massey, supra, the defendant's answer prayed judgment declaring a tax deed null and void *and quieting title to the property in defendants*. In the case of Long v. Bagwell, supra, defendant's answer prayed for judgment for possession of the real property involved, for a judgment declaring his lease contract valid, and judgment for rents and profits.

On this phase of the case we are of the opinion and hold that the dismissal was proper under § 684, supra.

Respondent next contends that because of § 683, supra, the dismissal was not effective for the reason that the case had been "finally submitted" before the dismissal was accomplished. We do not agree.

In the present case plaintiff was given 20 days to file its brief and the dismissal was entered during the interim.

The case of Tiffany v. Tiffany, 200 Okl. 670, 199 P.2d 606, (1st syl.) in considering the question of "Final submission" states as follows:

"Final submission of a case within the purview of 12 O.S.1941 § 683, contemplates its final submission upon the law and the facts and in a case tried to the court where the evidence has been concluded and time given to counsel for future argument or future filing of briefs, the cause is not finally submitted and plaintiff may dismiss without prejudice."

Counsel for respondent relies on the case of Franks v. Cesena, 192 Cal. 1, 218 P. 437, which is somewhat factually similar to

the Tiffany case on the question of "final submission" and the holding of which is contrary to the holding in Tiffany. We see no reason to change, overrule, or modify our holding in the Tiffany case.

Respondent asserts that under the motion for summary judgment there was "no substantial controversy as to any material fact" and that the material facts had been agreed upon. This assertion is controverted by petitioner wherein it is pointed out that in construing the written leases or sales contracts the intent of the original parties could not be determined by simply examining the instruments and that the facts as to the original parties and the construction they had mutually placed on the instruments were material as to the question of intent and would have been placed in controversy by affidavits in behalf of plaintiff had not plaintiff elected to exercise its right to dismiss. Rule 13 (12 O.S. A., Chp. 2, appendix) authorizes such affidavits.

On this phase of the case we are of the opinion and hold that there was not a "final submission" of the action and that the petitioner was not prevented under § 683, supra, from dismissing the cause.

We hold that the dismissal was effective and complete and that the jurisdiction of the court was thereupon terminated; that the trial court was without jurisdiction to vacate said dismissal and such action constituted an attempt to make unauthorized application of judicial force and should be prohibited by this court. Shinn v. Morris, District Judge, 205 Okl. 289, 237 P.2d 455.

Writ granted as prayed for. .

IRWIN, C. J., and WILLIAMS, BLACKBIRD, JACKSON, HODGES and LAVENDER, JJ., concur.

BERRY, V. C. J., and McINERNEY, J., concur in result.