2002 OK CIV APP 44

**William J. BENSON, Plaintiff/Appellant,**

v.

**Mike HUNTER, Oklahoma, Secretary of State, Defendant/Appellee.**

No. 96,995.

Court of Civil Appeals of Oklahoma, Division No. 2.

March 5, 2002.

Brian M. Dell, Brian M. Dell, P.C., Oklahoma City, OK, for Plaintiff/Appellant.

W.A. Drew Edmondson, Attorney General, Neal Leader, Assistant Attorney General, Oklahoma City, OK, for Defendant/Appellee.

JERRY L. GOODMAN, Judge.

¶ 1 William J. Benson (Taxpayer) appeals from the trial court's November 6, 2001, order granting summary judgment to Mike Hunter, Oklahoma Secretary of State (Secretary), dismissing Taxpayer's suit against Secretary. Taxpayer alleged Oklahoma's 1910 ratification of the 16th Amendment to the United States Constitution was invalid, and therefore the 16th Amendment, imposing an income tax, is void. The appeal was assigned to the accelerated docket pursuant to Okla. Sup.Ct.R. 1.36, 12 O.S. Supp.2000, ch. 15, app. 1. Based upon our review of the facts and applicable law, we affirm.

## FACTS

¶ 2 Taxpayer, an Illinois resident, alleged the 16th Amendment to the United States Constitution, imposing an income tax, is void for lack of ratification. Specifically, Taxpayer contends Oklahoma's Legislature convened in Guthrie, Oklahoma, on January 20, 1910, in an extraordinary session, to consider ratification of the 16th Amendment and passed ratifying legislation containing typographical errors,[1] thus approving a different amendment than the one submitted for ratification. Under the United States Constitution, changes to a proposed constitutional amendment are not permitted. Thus, the

---

1. According to the material attached to Taxpayer's pleadings, 10 other state legislatures returned ratification resolutions to Washington D.C., containing typographical and editorial errors. Allegedly, Minnesota did not return any ratification resolution.

only legislative act permitted is that of ratification or rejection of the proposed amendment as transmitted from the United States Secretary of State to the governors of the various states.[2] Therefore, Taxpayer contends Oklahoma's purported ratification was invalid, and the 16th Amendment did not receive the necessary number of ratifying votes to become effective. Consequently, the proclamation issued by the United States Secretary of State Philander Knox proclaiming that ratification was complete and that the 16th Amendment was enacted, is void.

¶ 3 Taxpayer filed a petition for declaratory relief January 18, 2001, pursuant to 12 O.S.1991 §§ 1651 through 1657. Taxpayer does not name any federal entity or official in this suit. Instead, the only named defendant is Hunter, the Oklahoma Secretary of State. Taxpayer seeks to compel Secretary to notify the United States Secretary of State that Oklahoma did not ratify the 16th Amendment.

¶ 4 Secretary filed a motion to dismiss the claim on March 5, 2001, based on three defenses. The brief in support of the motion to dismiss first alleges that Taxpayer's suit concerns a non-justiciable matter; second, the suit is based on a non-justiciable political question; and, third, it fails to present an actual controversy between parties having immediate and substantial opposing interests. Therefore, Secretary concludes, Taxpayer has failed to state a claim for which relief can be granted, entitling Secretary to dismissal of the suit.

¶ 5 Taxpayer responded to the motion to dismiss by filing a brief and evidentiary material in support of his response. Taxpayer's response effectively converted the motion to dismiss to one for summary judgment. A motion to dismiss pursuant to 12 O.S.1991 § 2012 (B)(6) is converted to one for summary judgment when materials outside the pleadings are presented to, and not excluded by, the court. *Washington v. State ex rel.*

*Dept. of Corrections,* 1996 OK 139, 915 P.2d 359; *Shaffer v. Jeffery,* 1996 OK 47, 915 P.2d 910. Upon conversion to a proceeding for summary judgment, the burden changes and the movant must demonstrate there is no genuine issue as to any material fact and that he or she is entitled to judgment as a matter of law. *Shaffer,* 1996 OK 47 at ¶ 11, 915 P.2d at 914. Review of a summary judgment is de novo. *Vance v. Federal Nat. Mortg. Ass'n,* 1999 OK 73, 988 P.2d 1275. See *Gabler v. Holder and Smith, Inc.,* 2000 OK CIV APP 107, 11 P.3d 1269.

¶ 6 The trial court's order did not treat the matter as one for summary judgment, but did state that the court had read all the evidentiary material submitted in support of Taxpayer's position. The trial court granted Secretary's motion to dismiss in an order filed November 6, 2001, citing all three of Secretary's defenses as reason for its decision. Taxpayer appeals.

¶ 7 Nevertheless, we will review the trial court's decision as one for summary judgment. Summary judgment is appropriate only when there is no substantial controversy as to any material fact, and one of the parties is entitled to judgment as a matter of law. The court must also find that reasonable people could not reach different conclusions on the undisputed facts. All inferences to be drawn from the undisputed facts must be viewed in the light most favorable to the party opposing the motion. *Hutchins v. Silicone Specialties, Inc.,* 1993 OK 70, 881 P.2d 64; *Erwin v. Frazier,* 1989 OK 95, 786 P.2d 61.

## ANALYSIS

¶ 8 Although Taxpayer contends that he, as an Illinois resident, has standing to use this state's declaratory judgment statute to obtain relief, and both parties address the question of whether Taxpayer has presented

2. And therein lies the answer to Taxpayer's argument: if the Oklahoma legislature cannot effect changes in the language of the proposed amendment, it is reasonable to assume the legislature did not do something it had no power to do, and that it did intend to act within the limited power given it in this situation. We do not infer that the inclusion of typographical and semantic errors are of such weight as to be construed as rejection of the amendment, given that the amendment appears in context with a proclamation stating "Be it resolved ... that said proposed amendment ... is hereby ratified." See House Joint Resolution No. 5, March 14, 1910, Laws 1910.

a justiciable issue, we need not address those issues. We hold the principal of stare decisis operates to preclude our examination of this question.

¶ 9 The United States Supreme Court in *Leser v. Garnett*, 258 U.S. 130, 42 S.Ct. 217, 66 L.Ed. 505 (1922), has held that once the United States Secretary of State certifies that a particular constitutional amendment has received the necessary ratifying votes and is now part of the United States Constitution, the declaration of same is binding upon the courts. The *Leser* court held that when the United States Secretary of State issued a proclamation that the 19th Amendment, which granted suffrage to women, had been ratified and was part of the United States Constitution, that declaration was conclusive upon the courts. The *Leser* decision has been interpreted to mean that despite challenges to the United States Secretary of State's proclamation on the basis that certain states failed to ratify the amendment, or that a state's resolution of ratification was defective, once the proclamation was duly authenticated and certified, said states were bound by its provisions.

¶ 10 Moreover, the exact legal question—and similar fact question—now before us was answered in *United States v. Thomas*, 788 F.2d 1250 (7th Cir.1986). Thomas was convicted of tax evasion, and used Taxpayer's argument, as published in Taxpayer's book, to challenge the validity of the 16th Amendment.[3] We quote at length from *Thomas:*

Thomas is a tax protester, and one of his arguments is that he did not need to file tax returns because the sixteenth amendment is not part of the constitution. It was not properly ratified, Thomas insists, repeating the argument of W. Benson & M. Beckman, *The Law That Never Was* (1985). Benson and Beckman review the documents concerning the states' ratification of the sixteenth amendment and conclude that only four states ratified the sixteenth amendment; they insist that the official promulgation of that amendment by Secretary of State Knox in 1913 is therefore void.

Benson and Beckman did not discover anything; they rediscovered something that Secretary Knox considered in 1913. Thirty-eight states ratified the sixteenth amendment, and thirty-seven sent formal instruments of ratification to the Secretary of State. (Minnesota notified the Secretary orally, and additional states ratified later; we consider only those Secretary Knox considered.) Only four instruments repeat the language of the sixteenth amendment exactly as Congress approved it. The others contain errors of diction, capitalization, punctuation, and spelling.

The text Congress transmitted to the states was: "The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." Many of the instruments neglected to capitalize "States," and some capitalized other words instead. The instrument from Illinois had "remuneration" in place of "enumeration"; the instrument from Missouri substituted "levy" for "lay"; the instrument from Washington had "income" not "incomes"; others made similar blunders.

Thomas insists that because the states did not approve *exactly* the same text, the amendment did not go into effect. Secretary Knox considered this argument. The Solicitor of the Department of State drew up a list of the errors in the instruments and—taking into account both the triviality of the deviations and the treatment of earlier amendments that had experienced more substantial problems—advised the Secretary that he was authorized to declare the amendment adopted. The Secretary did so.

Although Thomas urges us to take the view of several state courts that only agreement on the literal text may make a legal document effective, the Supreme Court follows t the "enrolled bill rule." If a legislative document is authenticated in regular form by the appropriate officials, the court treats that document as properly adopted. *Field v. Clark*, 143 U.S. 649, 12

---

**3.** W. Benson & M. Beckman, *The Law That Never Was* (1985).

S.Ct. 495, 36 L.Ed. 294 (1892). The principle is equally applicable to constitutional amendments. *See Leser v. Garnett,* 258 U.S. 130, 42 S.Ct. 217, 66 L.Ed. 505 (1922), which treats as conclusive the declaration of the Secretary of State that the nineteenth amendment had been adopted. In *United States v. Foster,* 789 F.2d 457, 462–63 & n. 6 (7th Cir.1986), we relied on *Leser,* as well as on the inconsequential nature of the objections in the face of the 73–year acceptance of the effectiveness of the sixteenth amendment, to reject a claim similar to Thomas's. See also *Coleman v. Miller,* 307 U.S. 433, 59 S.Ct. 972, 83 L.Ed. 1385 (1939) (questions about ratification of amendments may be nonjusticiable). Secretary Knox declared that enough states had ratified the sixteenth amendment. The Secretary's decision is not transparently defective. We need not decide when, if ever, such a decision may be reviewed in order to know that Secretary Knox's decision is now beyond review.

*U.S. v. Thomas,* 788 F.2d at 1253, 1254. *See also United States v. Stahl,* 792 F.2d 1438 (9th Cir.1986) (addressing the identical issue with the same result).

¶ 11 Thus, we need not delve further into the arguments presented by the parties because it is clear that we are bound by the Secretary of State's proclamation that the 16th Amendment was duly ratified by the necessary number of states, including Oklahoma. We are bound by the decision of the United States Supreme Court, and find the decision of the United States Circuit Courts persuasive on this issue of federal law. We adopt their reasoning. All of Taxpayer's arguments have been previously made, rebutted, and adjudicated. The trial court correctly dismissed Taxpayer's claim and entered judgment for Secretary.[4]

¶ 12 AFFIRMED.

¶ 13 COLBERT, P.J., and RAPP, J., concur.

4. Assuming arguendo we were not bound by Federal precedent, to afford Taxpayer the relief sought would require this court to compel Secretary to perform a vain act, something we will not do. A proposed amendment to the U.S. Constitution is transmitted, in our case, from the United States Secretary of State to the Oklahoma Governor, and then to the Oklahoma Legislature. A resolution adopting the proposed amendment is returned the same way. The only contact the Oklahoma Secretary of State has with the amendment is as the custodian of the document. The Oklahoma Secretary of State, as a member of the executive branch, has no contact with his federal counterpart, and is in no position to rescind a legislative resolution adopting the amendment. Thus, even were we inclined to grant the requested relief, compelling the Oklahoma Secretary of State to notify the United States Secretary of State of the legislative defects would not produce any action by the federal government. The United States Secretary of State would only look to the state legislature for guidance on the status of the legislative resolution ratifying the proposed amendment.