2009 OK 65

**Dale KIRBY, Plaintiff/Appellant**

v.

**JEAN'S PLUMBING HEAT & AIR, Defendant/Appellee.**

No. 105,884.

Supreme Court of Oklahoma.

Sept. 22, 2009.

Jim Buxton, Jacob L. Rowe, Buxton Carson, P.L.L.C, Oklahoma City, OK, for Plaintiff/Appellant.

Maurice G. Woods, II, Ryan V. Coventon, McAtee & Woods, P.C., Oklahoma City, OK, for Defendant/Appellee.

OPALA, J.

¶ 1 Two issues are presented on certiorari. The first of these is whether the replacement of a sewer pipeline constitutes an "improvement to real property" within the meaning of the statute of repose in 12 O.S.2001 § 109.[1] We answer that question in the affirmative. The second issue is whether the invoked statute of limitations in 12 O.S.2001 § 95[2] may be enlarged by the discovery rule.[3] To that question our answer is in the negative.

## I

### THE ANATOMY OF LITIGATION

¶ 2 In July 1996 Dale Kirby (Kirby or appellant) entered into a contract with Jean's Plumbing Heat & Air (Jean or appellee) for the installation of a sewer line to connect Kirby's home to the city's sewage system. In June 2007 a backup resulted in raw sewage and other hazardous material seeping into Kirby's home, causing damage to his property. Kirby claims the backup's cause was appellee's failure properly to cap the line and remove the sewer pipe then still in place after installing a new line. Also alleged was Jean's failure properly to connect the new sewer line to the city's system.

¶ 3 Kirby sought damages from negligence and breach of contract. Jean responded by a motion to dismiss for failure to state a claim. This prompted Kirby's amended petition that asserts the same claims against Jean. Jean responded to the amended petition by another motion to dismiss in which Jean argued that Kirby's claim of negligence was barred by the statute of repose in 12 O.S.2001 § 109. On appeal Jean also urged that Kirby's breach-of-contract claim was barred by the statute of limitations in 12 O.S.2001 § 95.

¶ 4 In his response Kirby takes the position that § 109 does not apply to the claim because the installation of the sewer line was actually **a repair or replacement and not an improvement.** He also claims there is a question of fact as to whether the installation of a sewer pipe is an improvement to real property or a normal repair or replacement. Kirby additionally argued that § 95's limitation period should be enlarged by the discovery rule to prevent his claim's defeat. The trial judge granted Jean's motion to dismiss in an order of April 25, 2008. The Court of Civil Appeals (COCA) affirmed the trial court's dismissal on February 13, 2009. COCA held appellant's claims were barred by the statute of repose in 12 O.S.2001 § 109 and by the statute of limitations in 12 O.S. 2001 § 95. This court granted certiorari on April 20, 2009.

## II

### STANDARD OF REVIEW

¶ 5 When reviewing a trial court's dismissal of an action an appellate court examines the issues *de novo.*[4] Motions to dis-

---

1. The terms of 12 O.S.2001 § 109 are:

 "No action in tort to recover damages
 (i) for any deficiency in the design, planning, supervision, or observation of construction or construction of an improvement to real property,
 (ii) for injury to property, real or personal, arising out of any such deficiency, or
 (iii) for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person owning, leasing, or in possession of such an improvement or performing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement."

2. The pertinent terms of 12 O.S.2001 § 95 are:

 "A. Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
 1. Within five (5) years: An action upon any contract, agreement, or promise in writing;
 2. Within three (3) years: An action upon a contract express or implied not in writing ..."

3. The "discovery rule" allows limitations in tort cases to be extended by tolling until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury. Its appearance in our decisions is a fairly recent development. *See Continental Oil Co. v. Williams,* 1952 OK 303, ¶ 9, 207 Okla. 501, 250 P.2d 439, 441; *Seitz v. Jones,* 1961 OK 283, 370 P.2d 300, 302; and *Gouin v. Continental Oil Co.,* 1978 OK CIV APP 57, ¶ 17, 590 P.2d 704, 707.

4. *Lockhart v. Loosen,* 1997 OK 103, ¶ 4, 943 P.2d 1074, 1077; *Washington v. State ex rel. Department of Corrections,* 1996 OK 139, ¶ 7, 915 P.2d 359, 361; *Indiana National Bank v. State Depart-*

**24**

miss are generally viewed with disfavor.[5] The purpose of a motion to dismiss is to test the law that governs the claim in litigation rather than to examine the underlying facts of that claim.[6] A motion to dismiss for failure to state a claim upon which relief may be granted will not be sustained unless it should appear without doubt that the plaintiff can prove no set of facts in support of the claim for relief.[7] When considering a defendant's quest for dismissal the court must take as true all of the challenged pleading's allegations together with all reasonable inferences that may be drawn from them.[8] A plaintiff is required neither to identify a specific theory of recovery nor to set out the correct remedy or relief to which he (or she) may be entitled.[9] A motion to dismiss should be denied if relief is possible under any set of facts which can be established and is consistent with the allegations.[10] A petition can generally be dismissed **only** for lack of any cognizable legal theory to support the claim or for insufficient facts under a cognizable legal theory.[11] Our recapitulation of the standards that govern when a court is called upon to rule on a motion to dismiss will guide today's review of this case.[12]

## III

### ARGUMENTS ON CERTIORARI

¶ 6 Kirby argues in his petition for certiorari and supplemental brief that the installation of the sewer pipeline does not constitute an "improvement to real property" within the meaning of 12 O.S.2001 § 109. The definition of an "improvement to real property" must be derived from the ad valorem tax code.[13] That code defines an "improvement" as an addition to property which amounts to "more than normal repairs, replacement, maintenance or upkeep."[14] Appellant argues that because the sewer pipe that Jean installed was replacing an existing pipeline it is to be included within the term "normal repairs, replacement, maintenance or upkeep."[15] of the sewer line.

*ment of Human Services*, 1994 OK 98, ¶ 2, 880 P.2d 371, 375.

**5.** *Lockhart, supra* note 4, at ¶ 5, at 1078; *Indiana National Bank, supra*, note 4, at ¶ 4, at 375.

**6.** *Zaharias v. Gammill*, 1992 OK 149, ¶ 6, 844 P.2d 137, 138.

**7.** *A–Plus Janitorial & Carpet Cleaning v. The Employers' Workers' Compensation Association*, 1997 OK 37, ¶ 9, 936 P.2d 916, 922; *National Diversified Business Services, Inc. v. Corporate Financial Opportunities, Inc.*, 1997 OK 36, ¶ 9, 946 P.2d 662, 665; *Delbrel v. Doenges Bros. Ford*, 1996 OK 36, ¶ 3, 913 P.2d 1318, 1320; *Washington, supra* note 4, at ¶ 7, at 361.
The pertinent terms of 12 O.S. Supp.2004 § 2012(b) are:
"Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
* * *
6. Failure to state a claim upon which relief can be granted;* * *."
"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Groce v. Foster*, 1994 OK 88, ¶ 12, 880 P.2d 902, 906;

theory.[11]

*Dyke v. Saint Francis Hospital, Inc.*, 1993 OK 114, ¶ 7, 861 P.2d 295, 298; *Frazier v. Bryan Memorial Hosp. Authority*, 1989 OK 73, ¶ 13, 775 P.2d 281, 287.

**8.** *Great Plains Federal Savings and Loan Association v. Dabney*, 1993 OK 4, ¶ 2, n. 3, 846 P.2d 1088, 1090 n. 3.

**9.** *Dabney, supra* note 8, at ¶ 3, at 1096 (Opala, J., concurring).

**10.** *Lockhart, supra* note 4, at ¶ 4, at 1077; *Indiana National Bank, supra* note 4, at ¶ 4, at 376.

**11.** *Lockhart, supra* note 4, at ¶ 5, at 1078; *Indiana National Bank, supra*, note 4, at ¶ 4, at 375.

**12.** *Miller v. Miller*, 1998 OK 24, ¶ 15, 956 P.2d 887, 894.

**13.** *Smith v. Westinghouse Elec. Corp.*, 1987 OK 3, ¶ 9, 732 P.2d 466, 470.

**14.** The pertinent terms of 68 O.S.2001 § 2802.1(A)(3) are:
" 'Improvement' means a valuable addition made to property amounting to more than normal repairs, replacement, maintenance or upkeep;"

**15.** *See* 68 O.S.2001 § 2802.1(A)(3), *supra* note 14.

¶ 7 This court has defined maintenance as "the upkeep or preservation of condition of property, including cost of ordinary repairs necessary and proper from time to time for that purpose."[16] Kirby relies on that definition to claim that replacement of his sewer line is merely normal maintenance and "upkeep or preservation ... of property"[17], not an improvement to real property. Maintenance is not within the purview of § 109's statute of repose. Kirby argues that a claim for maintenance (rather than one for improvement) is not affected by § 109.

¶ 8 Jean argues the installation of the sewer pipeline is an improvement to real property and appellant's claims are defeated by lapse of time under both the statute of repose (§ 109) and the statute of limitations (§ 95). Moreover, Jean states that the new pipeline is an improvement to real property because (a) it increased the value of appellant's property and (b) is taxed as part of appellant's real property. In a prior decision this court held that a property's change by work performed upon it is not an improvement to real estate if it is not taxed as real property.[18]

¶ 9 Jean further argues that appellant's claim for breach of contract is barred by the statute of limitations found in 12 O.S.2001 § 95. If the discovery rule were applied to suits for the breach of a construction contract the statute of repose in 12 O.S.2001 § 109 would be rendered ineffectual and its protection meaningless. Jean points out that

this court previously declined to apply the discovery rule to claims for breach of a construction contract where its application would operate to deprive a defendant of the full benefit of the statute of repose in § 109.[19]

## IV

### A.

### Statutes of Repose and Statutes of Limitations

¶ 10 Before allowing Jean to invoke here the provisions of 12 O.S.2001 §§ 95 and 109, we must first determine how a statute of limitations differs in its impact from one of repose. Early treatise writers and judges considered time bars created by statutes of limitations, escheat and adverse possession as creating periods of repose.[20] As the courts began to modify statutory limitations by superimposing the "discovery rule,"[21] legislatures responded by enacting absolute (not tollable) time bars through statutes of repose. Modern statutes of limitations and statutes of repose are somewhat similar because they both provide repose for the defendant. They are nonetheless significantly different since a statute of limitation merely extinguishes the plaintiff's remedy while a statute of repose may defeat the accrual of a cause of action before one ever arises.[22] In practical terms, a statute of repose marks the outer time boundary for judicial enforcement of a substantive right

---

16. *Gorton v. Mashburn,* 1999 OK 100, ¶ 6, 995 P.2d 1114, 1116.

17. *Gorton, supra* note 16, at ¶ 6, at 1116.

18. *Westinghouse, supra* note 13, at ¶ 4, at 468.

19. *Samuel Roberts Noble Found., Inc. v. Vick,* 1992 OK 140, ¶ 26, 840 P.2d 619, 625; *St. Paul Fire & Marine Ins. Co. v. Getty Oil Co.,* 1989 OK 139, ¶ 22, 782 P.2d 915, 920.

20. *See McGovern, infra* note 25; and *Pillow v. Roberts,* 54 U.S. (13 How.) 472, 476, 14 L.Ed. 228, 231 (1851).

21. *See supra,* note 3.

22. *See Matter of Estate of Speake,* 1987 OK 61, ¶ 13, 743 P.2d 648, 652–653; *Westinghouse, supra* note 13, at ¶ 6, n. 11, at 468, n. 11; *Baccus v.*

*Banks,* 1947 OK 322, ¶ 31, 192 P.2d 683, 691; appeal dismissed *Reeder v. Banks,* 333 U.S. 858, 68 S.Ct. 743, 92 L.Ed. 1138, reh'g denied 333 U.S. 883, 68 S.Ct. 911, 92 L.Ed. 1158 (1948); and *Turner Const. Co., Inc. v. Scales,* 752 P.2d 467, 469, n. 2 (Alaska, 1988). In *Westinghouse, supra* note 13, at ¶ 6, 468, n. 11, the court stated:

"... [A] statute of limitation serves to place a limit on the plaintiff's time to bring an action. After the prescribed time period has lapsed, a statute of limitation serves to extinguish the remedy for the redress of an accrued cause of action. A statute of repose, by way of contrast, restricts potential liability by limiting the time during which a cause of action can arise. It thus serves to bar a cause of action before it accrues. In a practical sense, a statute of limitation implicitly seeks to punish those who sleep on their rights, while the statute of repose operates to bar some plaintiffs' recovery, no matter how diligent they may have been in asserting their claims ...''

whereas a statute of limitation interposes itself only procedurally to bar solely the remedy after a substantive right has vested and a claim accrued.[23] Moreover, remedial time bars are tollable, whereas substantive-law time limits must be allowed to run and expire uninterrupted by any arrest or suspension.[24]

¶ 11 The time prescribed by a statute of repose runs from a specific act or event regardless of when the harm or damage may occur. A statutory limitation period, on the other hand, runs from the time all the requisite elements of a cause of action occur. It may or may not allow for the plaintiff's discovery of the injurious event to extend the period of limitation.[25] Section 109 stands defined as a statute of repose. As we stated before: "[s]ection 109 is not a statute of limitations; it is a statute of repose. Rather than disturbing a vested substantive right, 'a statute of repose marks [the right's] boundary.' It sets an outer boundary in time beyond which no cause of action may arise for conduct that would have otherwise been actionable" (citations omitted).[26]

### B.

### Installing a Sewer Pipeline is an "Improvement to Real Property"

¶ 12 The ad valorem tax code's definition is to be used when determining whether the work in suit constitutes an "improvement to real property."[27] Kirby claims that the ad valorem tax code's definition of "improvement" does not include the replacement of a sewer line. Kirby also attempts to classify the installation of a new sewer line as the "normal repairs, replacement, maintenance or upkeep"[28] associated with sewer lines. Although sewer lines require periodic maintenance, the replacement of an entire sewer line does not fall into the category of "normal" repair.[29] Other courts have similarly agreed that replacing an existing infrastructure qualifies as an improvement to real property.[30] One court has stated that "whether there was a previously existing service is unimportant, so long as the additions improved the realty."[31]

¶ 13 The excavation, labor and expense necessary to replace a sewer pipeline differ from mere normal repair. Because the change is so extensive, it constitutes an improvement upon real property. Moreover, the installation or replacement of a sewer pipeline adds value to real property. "[A] permanent addition to real property, involving expenditure of labor and money, and making the property more useful and valuable" is an improvement to real property.[32] Sewer lines are permanent fixtures upon real property. They increase its value and require expenditure of both money and labor to install. A sewer line replacement constitutes an improvement of real property within both

**23.** *Consolidated Grain & Barge Co. v. Structural Systems, Inc.*, 2009 OK 14, ¶ 10 212 P.3d 1168; *Reynolds v. Porter*, 1988 OK 88, ¶ 6, 760 P.2d 816, 819–820.

**24.** *Consolidated Grain, supra* note 23, at ¶ 10.

**25.** *See generally* McGovern, The Variety, Policy and Constitutionality of Product Liability Statutes of Repose, 30 Am.U.L.Rev. 579, 583 (1981) and Developments in the Law, Statutes of Limitations, 63 Harv.L.Rev. 1177 (1950).

**26.** *St. Paul Fire, supra* note 19, at ¶ 17, at 919–920 (quoting *Reynolds, supra* note 23, at ¶ 6, at 819–820).

**27.** *Westinghouse, supra* note 13, at ¶ 9, at 470.

**28.** *Gorton, supra* note 16, at ¶ 6, at 1116.

**29.** "Normal repairs" is a phrase that has not been defined by a court. We interpret it to mean repairs which are not "extraordinary". Another court has defined "extraordinary repairs" as "the

replacement or renewal of any element of an existing building or facility for purposes other than normal maintenance." *Eastern Paralyzed Veterans Ass'n v. Metropolitan Transp. Auth.*, 117 Misc.2d 343, 458 N.Y.S.2d 815, 820 (N.Y.Sup. Ct., 1982) (emphasis added).

**30.** *Clark County v. Sioux Equip. Corp.*, 2008 SD 60, 753 N.W.2d 406, 411 (S.D., 2008); *Delgadillo v. City of Socorro*, 104 N.M. 476, 723 P.2d 245, 248 (N.M., 1986); *see also Rosenberg v. Town of North Bergen*, 61 N.J. 190, 293 A.2d 662 (N.J. 1972) (finding improvement for the repavement of a road); *Yakima Fruit and Cold Storage Co. v. Cent. Heating & Plumbing Co.*, 81 Wash.2d 528, 503 P.2d 108 (Wash., 1972) (characterizing reinstallation of pipe, coils, hangers, and rods for a previously existing refrigeration system as improvement).

**31.** *Delgadillo, supra* note 30, at 248.

**32.** *Delgadillo, supra* note 30, at 248.

the definitions provided by the tax code and those supplied by other courts' jurisprudence.

 ¶ 14 Kirby's argument also disregards the tax code's definition of "real property." Within the meaning of the ad valorem tax code "real property" includes "the land itself" and "all buildings, structures and improvements or other fixtures" that are not defined and taxed as personal property.[33] Personal property is defined by the same code as "goods, chattels, and effects."[34] "Chattel" is defined as "movable property."[35] A sewer line *in situ* is a permanent installation or fixture upon real property. Because a sewer line cannot be moved, it is considered by the ad valorem tax code an improvement upon real property (and not personal property).

¶ 15 We conclude that the installation of a sewer pipeline constitutes an improvement to real property within the meaning of the statute of repose. Because the sewer pipeline is an improvement, § 109 defeats appellant's negligence claim for failure to bring it within ten years from appellee's completion of the installation. COCA correctly so held. The trial court's order dismissing appellant's negligence claim as extinguished by § 109 was hence correctly affirmed.

## C.

### Breach–of–Contract Claim is Barred by the Statute of Limitations

 ¶ 16 The statute of limitations in § 95 provides that an action for breach of contract must be brought within five years if the claim arises upon a written contract and within three years if the claim arises upon a contract not in writing.[36] The cause of action for breach of a contract for construction arises at the contract's completion.[37] In the case at hand the contract was completed and the cause of action arose in 1996. Kirby did not file his breach-of-contract claim until eleven years later in 2007. His contract claim was dismissed by the trial court because the action was filed after the statutory period had expired. The statute of limitations clearly extinguished the plaintiff's remedy. Kirby urged that the discovery rule should be allowed to enlarge the period of limitations in § 95. By application of the discovery rule a statute of limitations may be tolled until the defect or injury is discovered or should have been discovered. Appellant argues that because the sewer line was covered by soil, even by exercise of reasonable diligence he would not have been able to discover the defect within the statutory limitation period. In short, because the defect in the line was hidden, appellant argues the discovery rule should toll the period of limitation in § 95 until the defect's discovery in 2007.

¶ 17 This court has declined to apply the discovery rule to suits based on breach of construction contracts.[38] The statute of repose in § 109 protects builders from tort liability that otherwise might extend for an uncertain length of time after the completion

---

**33.** The pertinent terms of 68 O.S.2001 § 2806 provide:

"A. Real property, for the purpose of ad valorem taxation, shall be construed to mean the land itself, and all rights and privileges thereto belonging or in any wise appertaining, such as permanent irrigation, or any other right or privilege that adds value to real property, and all mines, minerals, quarries and trees on or under the same, and all buildings, structures and improvements or other fixtures, including but not limited to improvements such as barns, bins or cattle pens, or other improvements of fixtures or whatsoever kind thereon, exclusive of machinery and fixtures on the same as are, for the purpose of ad valorem taxation, defined as personal property."

**34.** The pertinent terms of 68 O.S.2001 § 2807 provide:

"Personal property, for the purpose of ad valorem taxation, shall be construed to include:
1. All goods, chattels, and effects;"

**35.** *See* Black's Law Dictionary (8th ed.2004) which defines "chattel" as:

"Movable or transferable property; esp., a physical object capable of manual delivery and not the subject matter of real property."

**36.** For the pertinent terms of 12 O.S.2001 § 95 see *supra* note 2.

**37.** *Jaworsky v. Frolich*, 1992 OK 157, ¶ 9, 850 P.2d 1052, 1054.

**38.** *Vick, supra* note 19, at ¶ 26, at 625; *St. Paul Fire, supra* note 19 at ¶ 22, at 920.

of a contract. Section 109 would indeed be rendered meaningless if the discovery rule were allowed to extend § 95's limitation period to construction contracts beyond the time fixed by § 109. We must therefore hold that builders' period of statutory protection from liability granted them by the terms of § 109 must be extended with equal force to construction contracts for which the discovery rule under § 95 is sought to be invoked in an effort to avoid the effect of the time bar in § 109. COCA was correct in affirming the trial court's order that dismissed appellant's breach-of-contract claim as barred by § 95's period because no extension of that section's time bar may be allowed by application of the discovery rule.

## V

### SUMMARY

¶ 18 The installation of a new sewer pipeline is an improvement upon real property for the purpose of applying the statute of repose in § 109. Installing a sewer pipeline constitutes work which extends beyond normal repairs and is to be treated as an improvement to real property even when it replaces a previously existing system.

¶ 19 Breach-of-contract claims arising from construction contracts are not subject to the discovery rule **if its application would result in extending the substantive law's time bar of § 109.**

¶ 20 The Court of Civil Appeals' opinion is vacated and the trial court's order granting defendant's motion to dismiss is affirmed. Appellant's negligence claim stands defeated by the statute of repose in 12 O.S.2001 § 109. His breach-of-contract claim is barred by the statute of limitations in 12 O.S.2001 § 95.

¶ 21 EDMONDSON, C.J., TAYLOR, V.C.J., HARGRAVE, OPALA, WATT, WINCHESTER and REIF, JJ., CONCUR.

¶ 22 KAUGER, J., NOT PARTICPATING.

¶ 23 COLBERT, J., DISQUALIFIED.