2017 OK CIV APP 5

**Robert STRANGE, Plaintiff/appellant,**

**v.**

**Jeffrey TROUTT, D.O., Amber Riley, RN, and Tami Grogan, Defendants/appellees.**

**Case Number: 115220**

Court of Civil Appeals of Oklahoma, Division No. 4.

Decided: 12/13/2016

Mandate Issued: 01/12/2017

Robert Strange, Helena, Oklahoma, Pro Se

E. Scott Pruitt, ATTORNEY GENERAL, STATE OF OKLAHOMA, Stefanie E. Lawson, ASSISTANT ATTORNEY GENERAL, Oklahoma City, Oklahoma, for Defendants/Appellees

JANE P. WISEMAN, PRESIDING JUDGE:

¶1 Plaintiff Robert Strange filed suit against Defendants Jeffrey Troutt, Amber Riley, and Tami Grogan for negligence in administering an incorrect injection to him while an inmate of the James Crabtree Correctional Center. The trial court granted Defendants' motion to dismiss and Plaintiff appeals. We reverse.[1]

¶2 The background of this appeal is simply stated. Plaintiff's June 9, 2016 petition claims that Defendants, employed as a physician, nurse, and health services administrator respectively with the Oklahoma Department of Corrections, were negligent on February 11, 2016, and violated his Constitutional rights in injecting him, not with insulin as prescribed for his diabetes, but with copaxone intended for another inmate suffering from multiple sclerosis. Defendants in response on July 18, 2016, filed a motion to dismiss for failure to state a claim pursuant to 12 O.S.2011 2012(B)(6) and asked the court to rule on the motion without a hearing as provided in Rule 4(h) of the Rules for District Courts, 12 O.S. Supp. 2016, ch. 2, app.

¶3 The trial court, apparently simultaneously or at least on the same day, July 18, 2016, granted the motion to dismiss and entered an order dismissing the case for failure to state a claim and providing that this "shall count as a STRIKE pursuant to 57 O.S. [ ]

566.2."[2] Plaintiff timely filed his petition in error seeking our review which we consider according to Supreme Court Rule 1.36, 12 O.S. Supp. 2016, ch. 15, app. 1, without appellate briefing.

¶4 We subject a trial court's dismissal of an action to *de novo* review, that is, a new examination of the petition without regard to the trial court's reasoning or conclusion. *See Kirby v. Jean's Plumbing Heat & Air*, 2009 OK 65, ¶5, 222 P.3d 21. In *Kirby*, the Supreme Court stated:

> The purpose of a motion to dismiss is to test the law that governs the claim in litigation rather than to examine the underlying facts of that claim. A motion to dismiss for failure to state a claim upon which relief may be granted will not be sustained unless it should appear without doubt that the plaintiff can prove no set of facts in support of the claim for relief.

*Id.* (footnotes omitted).

¶5 For a very fundamental due process reason quite clear from the record and raised by Plaintiff in his petition in error, we do not reach the merits of Defendants' arguments to dismiss this case: the trial court granted Defendants' motion to dismiss without allowing Plaintiff any opportunity to respond or object. The court interlineated on the dismissal order that it was granting the motion "without a hearing in accordance with Rule 4(h) of the Rules for the District Court[s]."

¶6 Granting a motion "without a hearing" does not mean *instanter* or without time to respond. Rule 4, the same district court rule relied on by the trial court, gives every party opposing a motion 15 days after the motion is served to respond or risk the court deeming the motion confessed for lack of response. Rule 4(e) of the Rules for District Courts, 12 O.S. Supp. 2016, ch. 2, app. This Court has previously held, and we continue to believe, that only *after* Plaintiff's time to respond has expired may the trial

---

1. Plaintiff's Application for Appointment of Counsel for this appeal is denied. There is no authority for such an appointment in civil cases such as this one. Additionally, Plaintiff's motion to disqualify Judge Tom Thornbrugh is moot—he is not a member of Division IV of this Court deciding this appeal.

2. The dismissal appears to be "without prejudice," there being no "with prejudice" language. The trial court did not comply with 12 O.S.2011 2012(G) by either granting leave to amend if the defect could be remedied or finding that the defect requiring dismissal could not be remedied and entering the dismissal with prejudice.

court deem the motion confessed. *Woods v. Computer Sciences Corp.*, 2011 OK CIV APP 17, ¶ 21, 247 P.3d 1201. We are not aware, and the record does not reveal, why the trial court acted on this motion prematurely without adherence to Rule 4(e) and in violation of due process considerations, but this without question violates basic procedural due process and constitutes reversible error.

¶ 7 The order of dismissal is reversed, and the case is remanded to the trial court for further proceedings to allow Plaintiff his lawful response time.[3]

¶ 8 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

GOODMAN, C.J., and FISCHER, J., concur.

---

3. It is also worth noting that the Oklahoma Pleading Code provision at 12 O.S.2011 2006(D) adds three (3) days to this prescribed 15–day response period because the motion was served on Plaintiff by mail.