2008 OK CIV APP 9

**Stephen RITTER, Plaintiff/Appellee,**

**v.**

**Adam RITTER and Brandi Ritter, Defendants/Appellants.**

**No. 104,295.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 19, 2007.

Warren Gotcher, Gotcher and Belote, McAlester, OK, for Plaintiff/Appellee.

Jack Pryor, Norman, OK, for Defendants/Appellants.

ROBERT DICK BELL, Judge.

¶ 1 Defendants/Appellants, Adam Ritter and Brandi Ritter, appeal from the trial court's order allowing Plaintiff/Appellee, Stephen Ritter, to amend his previously filed voluntary dismissal with prejudice to a dismissal *without* prejudice. Because the trial court was without jurisdiction to enter such

an order, the judgment of the trial court is reversed.

¶ 2 Plaintiff sued Defendants for slander in 2005. Following attempted discovery and a motion by Defendants to dismiss, Plaintiff voluntarily dismissed his suit "with prejudice" on January 5, 2006. When Defendants sued Plaintiff for malicious prosecution three weeks later, Plaintiff filed an Amended Dismissal in which he sought to amend his previous dismissal with prejudice to a dismissal *without* prejudice. Plaintiff also later filed motions to strike and for leave to amend the original dismissal motion. Plaintiff's counsel maintained the original dismissal "with prejudice" was the result of a mistake or scrivener's error. Over Defendants' objections, the trial court entered an order allowing Plaintiff to file an amended dismissal "without prejudice." From said judgment, Defendants appeal.

¶ 3 On appeal, Defendants argue the trial court was without jurisdiction to amend or vacate the previously filed voluntary dismissal with prejudice. Plaintiff counters the trial court's actions were authorized by 12 O.S. 2001 § 1031.1 because he filed his amended dismissal within thirty days of the original dismissal. There is no dispute the original dismissal was properly filed pursuant to 12 O.S.Supp.2004 § 684.

¶ 4 Initially, we reject Plaintiff's claim that § 1031.1 supports the trial court's order. Section 1031.1 applies to a trial court's authority to correct, modify or vacate "a judgment, decree, or appealable order" within thirty days of the entry of such judgment, decree or order. In the present case, Plaintiff's dismissal was accomplished through the filing of a voluntary dismissal and not by court order. As § 684(A) plainly states, a plaintiff may, at any time before the trial is commenced and upon payment of costs, dismiss the action "without any order of court...." Therefore, § 1031.1 is inapplicable here.

¶ 5 Moreover, in *Firestone Tire & Rubber Co. v. Barnett,* 1970 OK 93, 475 P.2d 167, the Court held:

> After timely and proper voluntary dismissal of an action by plaintiff, the trial court is without further jurisdiction therein, and an application to vacate such dismissal ... and vacation of such dismissal by the trial court constitutes an attempt to make an unauthorized application of judicial force and should be prohibited by court.

*Id.* at ¶ 0, 475 P.2d at 168 (Syllabus by the Court). Citing *Firestone* and other cases, the Supreme Court reiterated in *Stites v. DUIT Constr. Co.,* 1995 OK 69, ¶ 22, 903 P.2d 293, 301 n. 31, "Extant decisional law, which interprets 12 O.S .... § 684, teaches that, once an action has been voluntarily dismissed, no jurisdiction may be exercised." (Emphasis omitted).

¶ 6 Plaintiff voluntarily dismissed his action against Defendants with prejudice on January 5, 2006. Thereupon, the trial court was without jurisdiction to exercise any authority with respect to that case. The trial court's order allowing Plaintiff to file an amended dismissal was an unauthorized use of judicial authority which this Court must prohibit. Accordingly, the judgment of the trial court is reversed.

¶ 7 REVERSED.

HANSEN, P.J., and BUETTNER, J., concur.