2014 OK CIV APP 95

**Brenda LINAM, Plaintiff/Appellant,**

v.

**WALMART STORES, INC., Defendant/Appellee.**

**No. 112299.**

Court of Civil Appeals of Oklahoma, Division No. 2.

July 24, 2014.

Certiorari Denied Nov. 10, 2014.

Richard Carpenter, James, Potts & Wulfers, Inc., Tulsa, Oklahoma, for Plaintiff/Appellant.

Mark T. Steele, Brandy L. Wandres, Lindsey E. Albers, Latham, Wagner, Steele and Lehman, P.C., Tulsa, Oklahoma, for Defendant/Appellee.

P. THOMAS THORNBRUGH, Judge.

¶ 1 Plaintiff, Brenda Linam, appeals the decision of the district court that it has no jurisdiction to "vacate" a prior dismissal with prejudice filed by her counsel. We vacate the decision of the district court, finding that the question of the court's jurisdiction has not yet been decided.

¶ 2 In September 2011, Plaintiff filed suit against Defendant, Walmart, alleging an injury on Defendant's premises. On August 13, 2012, the court noted in a minute order that the case had settled. The same day, Plaintiff's then-counsel filed a dismissal with prejudice. On December 7, 2012, Defendant filed a motion to enforce settlement, stating that it had agreed to settle the case for a cash amount, but had yet to receive an

agreed release from Plaintiff. On January 25, 2013, Defendant "withdrew" its motion to enforce settlement, stating that it believed the court lacked jurisdiction to enforce the settlement after the dismissal with prejudice had been filed.

¶3 On January 31, 2013, Plaintiff, represented by new counsel, filed a motion to "set aside" or vacate the voluntary dismissal with prejudice pursuant to 12 O.S.2011 § 1031 or pursuant to other powers of the court, arguing that Plaintiff had not approved any settlement or dismissal of the case,[1] and had received no funds. On February 6, 2013, Plaintiff filed a similar pleading as a "petition to set aside."

¶4 Defendant responded that the court had no jurisdiction to re-open the case to set aside a voluntary dismissal with prejudice. The district court agreed, holding that pursuant to *Ritter v. Ritter*, 2008 OK CIV APP 9, 177 P.3d 1110, it lost jurisdiction over the case when the dismissal was filed. Plaintiff filed a motion for new trial, which was denied. Plaintiff now appeals.

## STANDARD OF REVIEW

¶5 The question before us concerns the jurisdiction of the district court to "vacate" a voluntary dismissal with prejudice pursuant to 12 O.S.2011 § 1031 or the court's equitable powers. The standard of review for questions of law concerning the jurisdictional power of the trial court to act is *de novo*. *Dilliner v. Seneca–Cayuga Tribe of Okla.*, 2011 OK 61, ¶12, 258 P.3d 516. *De novo* review involves a plenary, independent, and non-deferential examination of the trial court's rulings of law. *In re Estate of Bell–Levine*, 2012 OK 112, ¶5, 293 P.3d 964.

## ANALYSIS

¶6 We note that the record contains no testimony from Plaintiff's former counsel, and the factual question of whether Plaintiff authorized a settlement and dismissal is not before us. This appeal involves a single question of law-what options does the law provide to parties who claim that counsel voluntarily dismissed their case with prejudice, without authority to do so? On review, we find that a court has jurisdiction to enquire into the legal effectiveness of a dismissal, and thus into its own jurisdiction.

¶7 Recently, Division I of this Court held that § 1031 did not permit a trial court to allow a plaintiff to amend his voluntary dismissal with prejudice of a slander lawsuit to a dismissal without prejudice, as the plaintiff's dismissal was voluntary and not by court order. *See Ritter v. Ritter*, 2008 OK CIV APP 9, ¶6, 177 P.3d 1110. In *Ritter*, the plaintiff voluntarily dismissed his action with prejudice and subsequently sought to vacate the dismissal on the basis of a mistake or scrivener's error, claiming that he intended to dismiss without prejudice. Division I held that the trial court had no jurisdiction to exercise any authority in the case because of the dismissal. The Supreme Court denied certiorari. The district court in the instant case relied on *Ritter*.

¶8 Nonetheless, we respectfully disagree that either the *Ritter* opinion, or the case of *Firestone Tire & Rubber Co. v. Barnett*, 1970 OK 93, 475 P.2d 167 on which *Ritter* relies, supports the result reached by the district court here. The closing paragraph of *Firestone Tire* is often cited in Oklahoma jurisprudence:

We hold that the dismissal was effective and complete and that the jurisdiction of the court was thereupon terminated; that the trial court was without jurisdiction to vacate said dismissal ... and such action by the trial court constituted an attempt to make unauthorized application of judicial force and should be prohibited by this court.

*Id.*

¶9 This paragraph was interpreted in *Ritter* as holding that a voluntary dismissal with prejudice ended the jurisdiction of the district court to inquire into any matter, *including the validity or legal effectiveness of the dismissal.* However, *Firestone* conducts

---

1. The record indicates that Defendant never paid the settlement amount because of Plaintiff's failure to provide a release.

*that exact inquiry* before finding in its final paragraph that the court was without jurisdiction. Put succinctly, *Firestone* found that the district court was without jurisdiction because the dismissal was *valid and legally effective,* not simply because the dismissal had been *filed.*

¶ 10 In *Firestone,* the plaintiff dismissed with prejudice voluntarily after the defendant filed a motion for summary judgment. The defendant objected to the dismissal, arguing that the plaintiff could not dismiss voluntarily because 12 O.S.1961 § 684 forbade voluntary dismissal after "trial is commenced." The defendant also argued that the dismissal did not end the case because he had raised claims for affirmative relief in his answer. The trial court agreed, and vacated the dismissal.

■ ¶ 11 We find it of the utmost significance that the Court in *Firestone* did not immediately hold that the trial court had no jurisdiction to consider vacating the dismissal. Instead, it devoted a substantial part of its opinion to an analysis of whether the dismissal had been proper, i.e., whether "trial had been commenced" and whether the defendant had pled for affirmative relief. Only after the Court found that neither factor was present, and hence that the dismissal was legally effective, did it state that the trial court was without "further jurisdiction." We find *Firestone* clear that a court *should make inquiry into the legal effectiveness of a dismissal before holding that the dismissal has divested the court of jurisdiction.*

¶ 12 This conclusion is supported by the dismissal statute, 12 O.S.2011 § 684, which states that "an action may be dismissed by the plaintiff," inherently limiting the right of dismissal to the plaintiff *or a person properly exercising this right on behalf of the plaintiff by agency.* Pursuant to § 684, *Ritter* can be distinguished from the current case, in that the dismissal in *Ritter* was indisputably filed by a person who had authority to dismiss pursuant to the statute. In this case, there remains an open question as to whether the dismissal was filed by a person delegated to exercise that right on behalf of Plaintiff. Hence, a question of law and fact remains as to whether the trial court has lost jurisdiction.

■ ¶ 13 This result also is consistent with the holding of *Watson v. Gibson Capital, L.L.C.,* 2008 OK 56, 187 P.3d 735. The current case differs from *Watson* only in that the voluntary dismissal in *Watson* was defective on its face (because it was signed by the plaintiff, not his attorney) while in this case it is not. *Id.* ¶¶ 13–14. *Watson* further shows that a motion to vacate pursuant to 12 O.S. 2011 § 1031, the procedure employed by Plaintiff in this case, is the correct means to seek review when the validity of a dismissal is challenged.

## CONCLUSION

¶ 14 We find that the district court incorrectly held that it had no jurisdiction to consider whether the dismissal in the case was legally effective. We remand this matter for further consideration as to whether a legally effective dismissal has divested the court of jurisdiction.

**VACATED AND REMANDED.**

FISCHER, P.J., and RAPP, J., concur.