THACKER v. COWLING



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:THACKER v. COWLING

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 THACKER v. COWLING
2020 OK CIV APP 41
Case Number: 117479
Decided: 06/09/2020
Mandate Issued: 07/29/2020
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2020 OK CIV APP 41, __ P.3d __

 

 KIRT THACKER, Plaintiff/Appellant,
 
 v.
 
 RANDY COWLING, BAILEY DABNEY, SALESHA WILKEN, NEWSPAPER HOLDINGS, INC. (d/b/a) The Claremore Daily Progress, COMMUNITY NEWSPAPER HOLDINGS, INC. (d/b/a The Claremore Daily Progress), Defendants/Appellees.
 

 APPEAL FROM THE DISTRICT COURT OF
 
 ROGERS COUNTY, OKLAHOMA
 
 HONORABLE RUSSELL VACLAW, TRIAL JUDGE
 

 SUPPLEMENTAL OPINION VACATING THE PORTION OF 
 
 THE DISTRICT COURT'S JULY 27, 2018 JUDGMENT DISMISSING 
 
 APPELLANT'S PETITION WITH PREJUDICE BASED ON THE 
 
 STATUTE OF LIMITATIONS
 

 Brendan M. McHugh, Dana Jim, Claremore, Oklahoma, for Plaintiff/Appellant
 
 Douglas S. Dodd, Michael Minnis, DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P., Tulsa, Oklahoma, for Defendant/Appellee
 

 
 JOHN F. FISCHER, PRESIDING JUDGE:
 
 
 ¶1 This Supplemental Opinion is issued pursuant to the Supreme Court's March 9, 2020 Order "to address the issue of whether the trial court properly dismissed [Kirt Thacker's] November 30, 2015, petition with prejudice as barred by the applicable statute of limitations." The July 28, 2018 judgment at issue granted a motion to quash summons and a motion to dismiss for failure to state a claim based on the statute of limitations. Those motions were filed at the outset of the case by the Newspaper Defendants, Randy Cowling, Bailey Dabney, Salesha Wilken, Newspaper Holdings, Inc., and Community Newspaper Holdings, Inc.
 
 ¶2 The motion to quash argued that service of summons more than one hundred and eighty days after the case was filed was prohibited by section 2004(I) of Title 12. The district court agreed and dismissed Thacker's case without prejudice.
 
 ¶3 The Newspaper Defendants' motion to dismiss was filed at the same time, but as an alternative to the relief sought in Defendants' motion to quash summons. The motion to dismiss argued that Thacker's November 2015 petition had been filed after expiration of the applicable statute of limitations. The district court granted this motion as well but, in doing so, dismissed Thacker's case with prejudice.
 
 ¶4 The trial court did not have jurisdiction to resolve the statute of limitations issue. Any attempted dismissal of Thacker's November 30, 2015 petition with prejudice based on the statute of limitations was not proper.
 
 BACKGROUND
 
 ¶5 This case concerns a grand jury petition filed in the district Court on August 26, 2013. That petition sought to investigate Thacker for alleged improper bid-splitting and unauthorized use of county assets for private purposes. At that time, Thacker was a county commissioner. Thacker denies the wrongdoing alleged in the grand jury petition. According to Thacker, the grand jury proceeding was also the subject of several defamatory newspaper articles written and/or published by the Newspaper Defendants. Thacker alleged that Cowling was the editor of the newspaper, Dabney was the publisher and Wilken was a reporter for the newspaper and the author of the articles.
 
 ¶6 Thacker filed his verified petition in this case on November 30, 2015. In general, Thacker alleged that the Newspaper Defendants conspired with each other and others to file and circulate a false grand jury petition in order to destroy his reputation and ruin him politically. Thacker also alleged that the Newspaper Defendants defamed him and placed him in a false light by publishing false newspaper articles about him and the grand jury proceeding. Thacker's November 30, 2015 petition asserted six tort theories of liability: (1) libel, (2) slander, (3) filing a false grand jury petition in violation of 38 O.S.2011 § 108, (4) abuse of process, (5) false light invasion of privacy, and (6) civil conspiracy.
 
 ¶7 Thacker's petition also alleged that he did not discover the Newspaper Defendants' tortious conduct until November 30, 2014. Specifically, Thacker alleged that until that date he did not learn that Wilken had been involved in circulating the grand jury petition "on behalf of herself, and her co-conspirators, including her co-defendants sued herein." Finally, Thacker alleged that Wilken not only wrote defamatory articles, but also that she conspired with the other defendants to write the articles to further the circulation of the false grand jury petition.
 
 ¶8 Although Thacker filed this action on November 30, 2015, within one year after the alleged discovery of the Newspaper Defendants' involvement, he did not immediately serve Defendants as required by 12 O.S. § 2004(I): "service of process [shall be] made upon a defendant within one hundred and eighty (180) days after the filing of the petition . . . ." When Thacker did serve the Newspaper Defendants more than two years later, the Newspaper Defendants moved to quash the summons. The Newspaper Defendants argued that because Thacker had failed to comply with section 2004(I), his petition was deemed dismissed.[1]
 
  
 
 ¶9 The district court held that the 2017 version of section 2004(I) required Thacker to serve the Newspaper Defendants within one hundred and eighty days after he filed his petition on November 30, 2015, or show good cause within that same period why he was not able to do so. The district court found that Thacker had done neither and, therefore, Thacker's petition was "deemed dismissed" as of May 30, 2016, one hundred and eighty days after Thacker filed his petition. The district court granted the Newspaper Defendants' motion to quash and dismissed Thacker's petition without prejudice in its July 27, 2018 judgment.
 
  
 
 ¶10 Our original Opinion held that the 2013 version of section 2004(I) was the applicable statute and, pursuant to that statute, Thacker was not required to make his showing of good cause within the one hundred and eighty days following the filing of his petition. Nonetheless, we affirmed the district court's dismissal without prejudice. We held that Thacker failed to provide any evidence on which the district court could find that good cause existed for Thacker's failure to serve the Newspaper Defendants within the initial one hundred and eighty days. We found that issue dispositive. Consequently, we did not address additional issues concerning the statute of limitations or Thacker's ability to refile his action that were addressed by the district court.
 
 ¶11 For example, in addition to their motion to quash, the Newspaper Defendants also filed a motion to dismiss pursuant to 12 O.S.2011 § 2012(B)(6). The Newspaper Defendants argued that the statute of limitations for defamation (one year - 12 O.S. Supp. 2017 § 95(4)), and false light invasion of privacy (two years - 12 O.S. Supp. 2017 § 95(3)), had expired at the latest two years after the August 2013 grand jury petition was filed, more than a year before Thacker filed his November 2015 petition. The Newspaper Defendants' motion to dismiss did not address the issue of whether Thacker's statutory claim for violation of 38 O.S.2011 § 108 was subject to the three-year limitation of section 95(2) ("action upon a liability created by statute"). Thacker's petition was filed within three years after the August 2013 grand jury petition was filed.
 
 ¶12 The Newspaper Defendants also generally argued in support of both motions that Thacker's time to refile his petition pursuant to 12 O.S.2011 § 100 expired on May 30, 2016, one year after his petition was deemed dismissed as a matter of law for failure to make timely service, and that no second petition had been filed within that time. In paragraph 2 of the district court's July 27, 2018 judgment, the court stated: "Thacker's November 30, 2015 Petition was deemed dismissed without prejudice on May 30, 2016 by operation of law; that Thacker failed to commence a new action within one (1) year from May 30, 2016 dismissal without prejudice."
 
 ¶13 The district court granted the Newspaper Defendants' motion to dismiss, but this time, dismissed Thacker's petition with prejudice.[2] In paragraph 3 of the court's judgment, the district found that the one and two year statutes of limitations for libel and false light invasion of privacy actions began to run from the August 26, 2013 filing of the grand jury petition. The court concluded that Thacker's November 30, 2015 petition was filed outside the applicable statute of limitations.
 
 ANALYSIS
 
 ¶14 In any action, a defendant may voluntarily appear, 12 O.S.2011 2004(C)(5), or waive any defects in the service of summons. 12 O.S.2011 § 2012(F)(1)(b). The Newspaper Defendants did not waive their right to proper service. They filed a special appearance and raised the service issue in their initial pleading. The district court's judgment granting that motion and dismissing Thacker's petition without prejudice terminated the action. The additional rulings were unnecessary and unauthorized. See Firestone Tire & Rubber Co. v. Barnett, 1970 OK 93, 475 P.2d 167 (after the dismissal of an action, the district court is without further jurisdiction).
 
 ¶15 Firestone involved a voluntary dismissal without prejudice filed by the plaintiff pursuant to 12 O.S. § 684 (superceded eff. Nov. 1, 2004). The Supreme Court found that the dismissal complied with the statute and was effective to "terminate" the jurisdiction of the district court. Firestone, 1970 OK 93, ¶ 22. With regard to the district court's jurisdiction, we find no material difference between a voluntary dismissal without prejudice filed by a plaintiff and a judicial dismissal without prejudice pursuant to court order.
 
 ¶16 Nonetheless, even after such a dismissal, the district court does retain jurisdiction for some purposes. See, e.g., Stites v. Duit Constr. Co., Inc., 1995 OK 69, ¶ 23, 903 P.2d 293 (after dismissal, the district court retains jurisdiction to resolve certain ancillary matters); and Okla. Sup. Ct. R. 1.37, 12 O.S. Supp. 2013, ch. 15, app. 1. We also agree with this Court's holding in Linam v. Walmart Stores, Inc., 2014 OK CIV APP 95, ¶ 14, 339 P.3d 901, that the district court retains jurisdiction to inquire into the validity of the dismissal. Finally, the district court retains jurisdiction to "correct, open, modify or vacate a judgment, decree, or appealable order on its own initiative not later than thirty (30) days after the judgment, decree, or appealable order . . . has been filed." 12 O.S. Supp. 2013 § 1031.1(A). However, the district court's rulings in this case subsequent to granting the Newspaper Defendants' motion to quash were not made pursuant to any retained jurisdiction. "Once an action has been dismissed, no jurisdiction remains in district court to go forward with the action." General Motors Acceptance Corp. v. Carpenter, 1978 OK 39, ¶ 8, 576 P.2d 1166. In our original Opinion, we declined to review the rulings made subsequent to the dismissal without prejudice.[3] "The point is that dismissals without prejudice leave the parties as if no action had ever been commenced." Hamilton By and Through Hamilton v. Vaden, 1986 OK 36, ¶ 9, 721 P.2d 412 (footnote omitted).
 
 ¶17 Consequently, after granting the Newspaper Defendants' motion to quash and dismissing the case, the district court lost jurisdiction to decide the Defendants' motion to dismiss based on the statute of limitations. That aspect of the court's judgment and paragraph 3 of the judgment are vacated.
 
 ¶18 In addition, paragraph 2 of the district court's judgment regarding the applicability of the savings clause in 12 O.S.2011 § 100, is problematic. The district court addressed this issue without the benefit of the Supreme Court's Opinion in Cole v. Josey, 2019 OK 39, 457 P.3d 1007. Pursuant to the holding in Josey, the time provided by the section 100 savings clause "begins to run when there is finality in the judgment." Id. ¶ 16. Although we decided this case on the basis of an earlier version of section 2004(I) than was at issue in Josey, that case clearly calls into question the validity of the district court's treatment of the savings clause issue. If the holding in Josey applies, Thacker's time to refile did not begin to run until the district court's July 27, 2018 judgment dismissing his petition was filed. It is also clear from the holding in Josey that the one year to refile provided by section 100 was tolled by Thacker's motion for new trial and his appeal in this case. "The one year period begins the day after there is finality to the appeal or on the day after the order is filed if the judgment is not appealed." Id.
 
 ¶19 Further, the district court's observation about the timing of Thacker's ability to refile his case did not resolve any issue the court had jurisdiction to decide. No second petition had been filed and, therefore, the Newspaper Defendants had filed no motion or pleading challenging the validity of a second petition. "The jurisdiction of the trial court is limited to the particular subject matter presented by the pleadings . . . ." Josey, 2019 OK 39, n.4 (quoting La Bellman v. Gleason & Sanders, Inc., 1966 OK 183, 418 P.2 949). Further, a justiciable controversy is one "which presents antagonistic material facts and law to the trial court by pleading and evidence." Tulsa Indus. Auth. v. City of Tulsa, 2011 OK 57, ¶ 12, 270 P.3d 113. We declined to address this issue in our original Opinion because it was not ripe for review. See Smith v. Oklahoma Dep't of Corrections, 2001 OK 95, ¶ 11, 37 P.3d 872. This Court "will not decide abstract or hypothetical questions." Rogers v. Excise Bd. of Greer Cnty., 1984 OK 95, ¶ 15, 701 P.2d 754 (footnote omitted). Paragraph 2 of the district court's July 27, 2018 judgment is also vacated.
 
 CONCLUSION
 
 ¶20 In our original Opinion, we held that the district court did not err when it granted the Newspaper Defendants' motion to quash and affirmed the dismissal Thacker's petition without prejudice. However, the district court did not have jurisdiction to render any ruling or decision subsequent to granting the motion to quash. Paragraphs 2 and 3 of the district court's July 27, 2018 judgment are vacated, as is its dismissal of Thacker's petition with prejudice based on the statute of limitations.
 
 ¶21 THE PORTION OF THE DISTRICT COURT'S JULY 27, 2018 JUDGMENT DISMISSING APPELLANT'S PETITION WITH PREJUDICE BASED ON THE STATUTE OF LIMITATIONS IS VACATED.
 
 
 THORNBRUGH, J., and HIXON, J. (sitting by designation), concur.
 
 
 
 FOOTNOTES
 
 
 [1] The Newspaper Defendants also joined their motion to quash with a motion to dismiss based on 12 O.S.2011 § 2012(B)(4), arguing that because Thacker's case was deemed dismissed by operation of law for failure to complete service within one hundred and eighty days, Thacker's attempt to subsequently have summons issued in the dismissed case was, "as a matter of law, insufficient process." The district court did not address this issue, and we find it unnecessary to do so as well. Granting the motion to quash on the basis of section 2004(I) made it unnecessary to address additional issues.
 
 
 
 [2] The district court also found that because Thacker's petition was deemed dismissed without prejudice on May 30, 2016, for failure to comply with section 2004(I), Thacker had failed to refile his petition within the one year from that date as permitted by 12 O.S.2011 § 100. The district court ruled on this issue without the benefit of the Supreme Court's Opinion in Cole v. Josey, 2019 OK 39, 457 P.3d 1007. Pursuant to the holding in Josey, it is clear that the time provided by the section 100 savings clause "begins to run when there is finality in the judgment." Id. ¶ 16. Consequently, Thacker's time to refile did not begin to run until the district court's July 27, 2018 judgment dismissing his petition was filed. It is also clear from the holding in Josey that the one year to refile provided by section 100 was tolled by Thacker's motion for new trial and his appeal in this case. "The one year period begins the day after there is finality to the appeal or on the day after the order is filed if the judgment is not appealed." Id.
 
 
 
 [3] For example, in response to the Newspaper Defendants' motion to dismiss based on the statute of limitations, Thacker alleged that he did not discover the tortious conduct until November 30, 2014. Oklahoma "follows the discovery rule" and has adopted that rule "in a wide range of tort actions" and specifically with respect to defamation claims. See Woods v. Prestwick House, Inc., 2011 OK 9, ¶¶ 24, 28, 247 P.3d 1183. Thacker invoked the discovery rule in his verified petition. The Newspaper Defendants did not support their motion to dismiss with evidentiary material, nor was there an evidentiary hearing to determine the veracity of Thacker's allegations. Unsworn statements by counsel in a motion or a response do not constitute evidence. Crest Infiniti II, LP v. Swinton, 2007 OK 77, ¶ 10, 174 P.3d 996. Further, when facts are disputed, application of the discovery rule is normally for the jury to decide. Digital Design Group, Inc. v. Information Builders, Inc., 2001 OK 21, ¶ 23, 24 P.3d 834. The standard of review applicable to the Newspaper Defendants' motion to dismiss requires the appellate court to "take as true all of the challenged pleading's allegations together with all reasonable inferences that may be drawn from them." Kirby v. Jean's Plumbing Heat & Air, 2009 OK 65, ¶ 5, 222 P.3d 21 (footnote omitted). In our original Opinion, we did not decide whether the statute of limitations had been tolled based on the discovery rule.
 
 
 

 

 

 THACKER v. COWLING
 
 No. 117479
 
 ___ P.3d ___
 
 2020 OK CIV APP 41
 
 Decided: July 8, 2020
 
 Mandate Issued: July 29, 2020
 
 Released for Publication: July 29, 2020
 
 THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
 
 
  
 
 KIRT THACKER, Plaintiff/Appellant,
 
 v.
 
 RANDY COWLING, BAILEY DABNEY, SALESHA WILKEN, NEWSPAPER HOLDINGS, INC. (d/b/a) The Claremore Daily Progress, COMMUNITY NEWSPAPER HOLDINGS, INC. (d/b/a The Claremore Daily Progress), Defendants/Appellees.
 
 APPEAL FROM THE DISTRICT COURT OF
 
 ROGERS COUNTY, OKLAHOMA
 
 HONORABLE RUSSELL VACLAW, TRIAL JUDGE
 
 AFFIRMED
 
 Brendan M. McHugh, Dana Jim, Claremore, Oklahoma, for Plaintiff/Appellant
 
 Douglas S. Dodd, Michael Minnis, DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P., Tulsa, Oklahoma, for Defendant/Appellee
 
 
 JOHN F. FISCHER, PRESIDING JUDGE:
 
 
 ¶1 Kirt Thacker appeals the judgment dismissing his case against the defendants Randy Cowling, Bailey Dabney, Salesha Wilken, Newspaper Holdings, Inc., and Community Newspaper Holdings, Inc., and the denial of his motion to reconsider that judgment. The appeal has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(b), 12 O.S. Supp. 2013, ch. 15, app. 1, and the matter stands submitted without appellate briefing. Because Thacker failed to serve the defendants within one hundred and eighty days as required by 12 O.S. § 2004(I), and because Thacker failed to show good cause why that service was not made, his case was deemed dismissed one hundred and eighty-one days after it was filed, and we affirm the district court's dismissal of this case.
 
 BACKGROUND
 
 ¶2 This case concerns a grand jury petition filed in the District Court of Rogers County on August 26, 2013. That petition sought to investigate Thacker for alleged improper bid-splitting and unauthorized use of county assets for private purposes. At that time, Thacker was a county commissioner. Several civil and criminal cases were filed concerning the subject matter of the grand jury petition. Thacker eventually pled guilty to a misdemeanor in the criminal case filed against him. In this case, Thacker alleges that the defendants conspired with others to defame him and destroy his reputation by publishing newspaper articles about the grand jury proceeding. Thacker claims that he did not discover the defendants' involvement in the conspiracy until November 30, 2014. He filed this action on November 30, 2015, but did not immediately serve the defendants as required by 12 O.S. § 2004(I): "service of process [shall be] made upon a defendant within one hundred and eighty (180) days after the filing of the petition . . . ."
 
 ¶3 On February 15, 2018, more than two years after he filed his petition, Thacker filed Plaintiff's Motion for an Extension of Time to Effect Service upon Defendants. The motion recited various reasons why summons had not been served and sought an additional forty-five days within which to do so. The motion also cited this Court's Opinion in Thibault v. Garcia, 2017 OK CIV APP 36, 398 P.3d 331, and argued that failure to extend the time for service would effectively terminate his right to litigate this claim. At that time, none of the defendants had been served and none had voluntarily entered an appearance in the case. Thacker did not serve his motion on any of the defendants or any of the attorneys who currently represent the defendants. And, none of the defendants filed a response to Thacker's motion. Thacker did serve a copy of his motion on Larry R. Steidley as "Co-Counsel for Plaintiff." Thacker mailed a copy of his motion to the assigned judge with a proposed order. The proposed order stated, in part: "the court finds that, for good cause, the motion should be granted." That order was signed and filed on February 27, 2018. Thacker caused summons to be issued on March 9, 2018.
 
 ¶4 On March 27, 2018, the defendants filed a special appearance and motion to quash summons and dismiss the case. They argued, among other things, that the petition was deemed dismissed after Thacker failed to serve summons within the one hundred and eighty days required by 12 O.S. § 2004(I). The district court granted the defendants' motion and dismissed Thacker's case in a judgment filed July 27, 2018. In that judgment, the district court stated that if the court had known that the time to serve summons had expired, Thacker's motion for an extension of time would not have been granted. On August 6, 2018, Thacker filed Plaintiff's Motion for Reconsideration. The district court's July 27 judgment and the court's September 24, 2018 Order Denying Motion for Reconsideration are the subject of Thacker's appeal.
 
 STANDARD OF REVIEW
 
 ¶5 This appeal involves statutory interpretation of 12 O.S. § 2004(I). Legal questions involving statutory interpretation are subject to de novo review. Heffron v. Dist. Ct. of Okla. Cnty., 2003 OK 75, ¶ 15, 77 P.3d 1069. De novo review is non-deferential, plenary and independent. Neil Acquisition, L.L.C. v. Wingrod Inv. Corp., 1996 OK 125, n.1, 932 P.2d 1100.
 
 ¶6 Dismissal of a petition for failure to show good cause why service was not completed within the one hundred and eighty days required by 12 O.S. § 2004(I) is discretionary and will be reviewed for an abuse of discretion. Willis v. Sequoyah House, Inc., 2008 OK 87, ¶ 11, 194 P.3d 1285.[1] "An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." Gowens v. Barstow, 2015 OK 85, ¶ 11, 364 P.3d 644 (citing Fent v. Okla. Natural Gas Co., 2001 OK 35, ¶ 12, 27 P.3d 477).
 
 ANALYSIS
 
 ¶7 The dispositive issue in this case concerns the requirement in section 2004(I) of the Pleading Code, 12 O.S.2011 and Supp. 2018 §§ 2001 through 2056, that a plaintiff serve process within one hundred and eighty days after filing the petition or show good cause why that was not done. We begin the analysis with Thacker's motion for reconsideration. "A motion seeking reconsideration, re-examination, rehearing or vacation of a judgment . . . which is filed within 10 days of the day such decision was rendered, may be regarded as the functional equivalent of a new trial motion, no matter what its title." Horizons, Inc. v. Keo Leasing Co., 1984 OK 24, ¶ 4, 681 P.2d 757. Thacker's motion was filed within ten days of the district court's July 27, 2018 judgment dismissing this case, seeks reconsideration of that judgment and is properly treated as a motion for new trial.
 
 ¶8 "In appeals lodged from an adverse order entered in a postjudgment vacation proceeding, errors which may be reviewed are confined to those in granting or denying relief sought upon the grounds advanced and the evidence presented." Stites v. Duit Constr. Co., Inc., 1995 OK 69, ¶ 25, 903 P.2d 293 (emphasis omitted). "If a motion for a new trial be filed and a new trial be denied, the movant may not, on the appeal, raise allegations of error that were available to him at the time of the filing of his motion for a new trial but were not therein asserted." 12 O.S.2011 § 991(b). The Supreme Court has consistently invoked this statute to restrict the appellate issues to those raised in a motion for new trial. See, e.g., Slagell v. Slagell, 2000 OK 5, 995 P.2d 1141; Horizons, 1984 OK 24, 681 P.2d 757; Federal Corp. v. Indep. Sch. Dist. No. 13 of Pushmataha Cnty., 1978 OK CIV APP 55, 606 P.2d 1141 (approved for publication by the Supreme Court). A "motion for new trial . . . acts to limit the issues reviewed on appeal to those raised by that motion." City of Broken Arrow v. Bass Pro Outdoor World, L.L.C., 2011 OK 1, ¶ 11, 250 P.3d 305. Thacker's motion for new trial raised three issues: (1) the district court erred in rescinding its order granting him an extension of time to serve process; (2) the district court erred in interpreting section 2004(I) as requiring a showing of good cause prior to the expiration of the one hundred and eighty day time period; and (3) Thacker had good cause for not serving summons within the original one hundred and eighty days.[2]
 
 I. Rescission of the Order Granting an Extension of Time
 
 ¶9 Thacker argues that the district court erred when, in essence, it rescinded its original finding that good cause existed for his failure to serve summons within one hundred and eighty days. The district court's July 2018 judgment states:
 
 The Court further notes that in February 2018, if the Court had known that Thacker's February 15, 2018 Motion for an Extension of Time to Effect Service Upon Defendants was filed outside the initial 180-day period for service of process, it would not have granted the 45-day extension of time to effect service.
 
 Thacker contends that this was error and that, "good cause existed and was already established and granted by the Court." In his response to the defendants' motion to dismiss, Thacker also argued that the district court's finding that good cause existed in the order granting his request for an extension of time was "now the settled law of the case." These arguments lack merit.
 
 ¶10 First, Thacker's motion for an extension of time was not served on the defendants. In failing to do so, Thacker ignored 12 O.S.2011 § 2005(A), which provides that "every written motion other than one which may be heard ex parte . . . shall be served upon each of the parties." Thacker does not argue that he had the right to resolution of this issue without providing the defendants notice or an opportunity to be heard. He merely argues that the district court cannot change its mind. Thacker is wrong. A district court "is not bound by, and may hence reconsider, all of its mid-litigation rulings at any time before the case comes to an end." Conterez v. O'Donnell, 2002 OK 67, ¶ 7, 58 P.3d 759 (emphasis in original). In the absence of a determination of finality not applicable here:
 
 any order . . . however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order . . . is subject to revision at any time before the final judgment, decree, or final order adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk.
 
 12 O.S.2011 § 994. An intermediate order, like the order granting Thacker's request for an extension of time to serve summons, is not a judgment, decree, or final order and remained subject to "the trial judge's compete control to modify or alter it at any time before judgement." L.C.R., Inc. v. Linwood Props., 1996 OK 73, ¶ 11, 918 P.2d 1388 (emphasis omitted).
 
 ¶11 Second, even if Thacker's request for an extension had been properly presented, the order granting that request did not settle the "law" of this case regarding the presence or absence of good cause. The settled-law-of-the-case doctrine "operates to bar relitigation of only those issues that have been settled by an appellate opinion." Mobbs v. City of Lehigh, 1982 OK 149, n.5, 655 P.2d 547. "To properly apply the law of the case doctrine the appellate court in the second appeal must decide exactly what the first appellate decision determined expressly or impliedly." Tibbetts v. Sight 'N Sound Appliance Ctrs., Inc., 2003 OK 72, ¶ 10, 77 P.3d 1042. The good cause issue has not been settled by a previous appellate opinion, and the settled-law-of-the-case doctrine does not apply to the district court's February 27, 2018 order granting Thacker an extension of time to serve summons. Consequently, the district court did not err when it revisited the good cause issue in response to the defendants' motion to dismiss.
 
 II. Construction of Section 2004(I)
 
 ¶12 Thacker next contends that the district court erred in finding that the showing of good cause required by section 2004(I) must be made within the initial one hundred and eighty-day time period allowed by the statute for service of process. Thacker argues that the statutory language, "cannot show why such service was not made within that period," clearly contemplates that the Legislature intended to permit a party to request an extension after one hundred and eighty days and be allowed to show good cause at that point.
 
 ¶13 In support of this argument, Thacker cites the 2013 version of section 2004(I):
 
 SUMMONS: TIME LIMIT FOR SERVICE. If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice.
 
 12 O.S. Supp. 2014 § 2004(I). This Court has previously agreed with that interpretation of the 2013 version of the statute. See Hough Oilfield Serv., Inc. v. Newton, 2017 OK CIV APP 31, 396 P.3d 230 (holding that the good cause showing may be made in a subsequently filed case); Thibault v. Garcia, 2017 OK CIV APP 36, 398 P.3d 331 (holding that the good cause issue may be presented after the one hundred and eighty day time period has expired). Because section 2004(I) has since been amended, these cases do not necessarily resolve Thacker's argument.
 
 A. The Applicable Version of Section 2004(I)
 
 ¶14 The 2013 version of the statute applied when Thacker filed this case in 2015. However, by 2018, when he filed his request for an extension of time and when the district court ruled on that request as well as on the defendants' motions to dismiss, a different version of the statute was in effect.
 
 SUMMONS: TIME LIMIT FOR SERVICE. If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff has not shown good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice.
 
 12 O.S. Supp. 2017 § 2004(I) (effective Nov. 1, 2017) (emphasis added). The only difference between this version and the 2013 version of the statute is the substitution of the emphasized "has not shown" language for the previous "cannot show" language. There is an obvious grammatical difference in the wording of the two versions. Use of the present tense, "cannot show," in the 2013 version implies that the plaintiff will have the opportunity to show good cause why timely service was not made when the issue is raised, even in a subsequent case. But use of the past tense, "has not shown," in the 2017 version of the statute implies that the plaintiff did not make that showing when required to do so and limits the time previously available to the plaintiff to show good cause. The "rules of grammar govern unless they contradict legislative intent or purpose." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 140 (Thomson/West 2012) (footnote omitted).
 
 ¶15 The district court apparently came to this conclusion and interpreted the 2017 version of section 2004(I) as requiring Thacker to show good cause within the initial one hundred and eighty day period. That interpretation has been embraced by the Supreme Court, at least in dicta, in Cole v. Josey, 2019 OK 39, ___ P.3d ___, decided May 29, 2019 (petition for rehearing filed, June 17, 2019). The Court interpreted the new "has not shown" language as "setting a time limit for the plaintiff to establish 'good cause' for not serving process, i.e, requiring the plaintiff to move to make such a showing prior to the expiration of the 180 day period."[3] Id. ¶ 15. This interpretation requires the plaintiff to exercise some diligence in the prosecution of a case. "The Oklahoma Pleading Code . . . shall be construed to secure the just, speedy, and inexpensive determination of every action." 12 O.S.2011 § 2001. Consequently, if the 2017 version of section 2004(I) is applied retroactively, it appears that the district court's interpretation is correct and its dismissal of Thacker's case must be affirmed.
 
 ¶16 "Absent a plain legislative intent to the contrary, statutes are generally presumed to operate prospectively only." Trinity Broadcasting Corp. v. Leeco Oil Co., 1984 OK 80, ¶ 6, 692 P.2d 1364 (holding an amendment which added an additional year to the statute of limitations was procedural and applied retroactively to a pre-existing claim that was not time-barred at the time of the amendment's passage). Nothing in the 2017 amendment suggests that the Legislature intended for the new statute to be applied retroactively. Nonetheless, "[s]tatutes affecting procedure only, as distinguished from those that affect substantive rights, may be applied retroactively." Id.
 
 ¶17 The Josey Court addressed, but did not decide, the retroactivity issue: "Even assuming this provision is procedural and may be applied retroactively . . . ." Josey, 2019 OK 39, ¶ 15. The Court cited Trinity Broadcasting for the general proposition that procedural statutes are applied retroactively. And the Court noted that in Moore v. Sneed, involving the 1989 amendment to section 2004(I): "We held this amendment should be given retroactive application because it is procedural in nature unless plaintiff's claim is already time barred." Josey, 2019 OK 39, ¶ 9. This Court reached the same result, for the same reason, in Thibault regarding the 2013 version of section 2004(I). Thibault v Garcia, 2017 OK CIV APP 36, ¶ 8, 398 P.3d 331.
 
 ¶18 However, the cases in which an amendment to section 2004(I) was applied retroactively may be distinguishable because none of the amendments in those cases would "diminish" the plaintiff's existing rights. Thomas v. Cumberland Operating Co., 1977 OK 164, ¶ 4, 569 P.2d 974. In Moore, the amendment allowed the plaintiff an opportunity to show good cause for failing to make timely service that had not previously been guaranteed by the statute. In Thibault, only the district court's discretion to allow a case to proceed if the plaintiff had not shown good cause was affected. Likewise, in Trinity Broadcasting, the amendment added an additional year to the statute of limitations.
 
 ¶19 As interpreted by the Josey Court, the 2017 amendment eliminates the opportunity to show good cause after the expiration of the initial one hundred and eighty days. That opportunity was available pursuant to the version of the statute in effect when Thacker filed his case. We have found no case in which a rule of procedure was applied retroactively to deprive a plaintiff of a procedural right available when the case was filed.[4] "A 'vested right' is the power to do certain actions . . . lawfully, and is substantially a property right. It may be created [by statute] . . . . Once created, it becomes absolute, and is protected from legislative invasion by Art. 5, Secs. 52 and 54 of our Constitution." Okla. Water Res. Bd. v. Cent. Okla. Master Conservancy Dist., 1968 OK 73, ¶ 23, 464 P.2d 748.
 
 ¶20 Even if the 2017 amendment is purely procedural, there is good reason not to apply it retroactively in this case. Retroactive application of the 2017 amendment would create a result similar to that the Supreme Court sought to avoid in Josey. There, the Court was concerned that a contrary construction of the statute would deprive the plaintiff of the right to file a second case pursuant to 12 O.S.2011 § 100, before the time to appeal the dismissal of the first case had expired. The "grave due process violations" with that result which concerned the Josey Court are also present here. Josey, 2019 OK 39, ¶ 16.
 
 ¶21 In the absence of precedential authority to the contrary, it was reasonable for Thacker to look to this Court's interpretation of the 2013 version of section 2004(I) to determine when he would be able to show good cause for not serving the defendants within one hundred and eighty days. Accordingly, he may have believed that he would have been able to show good cause for the delay in service after the original one hundred and eighty days had expired. But, the 2017 version of section 2004(I) became effective more than one hundred and eighty days after Thacker filed his case. Prior to the effective date of the amendment, Thacker's case could only be dismissed if he was unable to show good cause for the delayed service when the issue was raised.
 
 ¶22 If the 2017 amendment is applied retroactively, the time for Thacker to show good cause expired before the issue was ever raised. This result is problematic. See Mott v. Carlson, 1990 OK 10, ¶ 15, 786 P.2d 1247 (finding no due process violation but noting that the "risk of prejudice due to the procedure employed" may require that the plaintiff be given an opportunity, but not necessarily a hearing, to show good cause) (overturned on other grounds by Josey, 2019 OK 39, ¶ 16). We decline to apply the 2017 amendment of section 2004(I) to the extent that doing so would preclude Thacker from an opportunity to show good cause why he failed to serve the defendants within one hundred and eighty days after filing this case.
 
 B. Thacker's Attempt to Show Good Cause
 
 ¶23 Thacker supported his motion for extension of time with statements of various events he contended showed good cause for not serving summons within the one hundred and eighty days required by section 2004(I). For example, he argued that, pursuant to this Court's decision in Thibault v. Garcia, if his November 30, 2015 petition is deemed to have been dismissed on the one hundred and eighty-first day after it was filed, then his one year to refile, permitted by 12 O.S.2011 § 100, would have expired in May of 2017, and he would no longer have the right to pursue his cause of action.
 
 1. Thacker's Legal Argument
 
 ¶24 To avoid that result, Thacker cites Espinoza v. United States, 52 F.3d 838 (10th Cir. 1995), for the proposition that the expiration of the statute of limitations for the underlying claim constitutes grounds for extending the time permitted to serve process even in the absence of good cause. The language of Oklahoma's original version of section 2004(I) was patterned after its federal counterpart. See Mott v. Carlson, 1990 OK 10, ¶¶ 4-5, 786 P.2d 1247 (overturned on other grounds by Josey, 2019 OK 39, ¶ 16). However, the 1993 version of the federal statute at issue in Espinoza is substantially different than the 2013 or the 2017 version of section 2004(I). The federal statute provided that if service is not made within the specified time, the court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m), 28 U.S.C.A. (West 2019). The federal court construed this statute as "broaden[ing] the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause." Espinoza, 52 F.3d at 840-41. No such broad discretion is granted in the 2013 or 2017 versions of section 2004(I). In Oklahoma, if a plaintiff fails to show good cause for not serving process within one hundred and eighty days, "the action shall be deemed dismissed," despite the fact that a plaintiff may be prevented from filing a subsequent petition because the applicable limitations period has expired. For that reason, we decline to follow the federal court's analysis in Espinoza. 
 
 2. Thacker's Factual Argument
 
 ¶25 Thacker made various factual claims in his motion to support the argument that there was good cause for his failure to serve the defendants within one hundred and eighty days. Those claims are renewed in his response to the defendants' motion to dismiss and in his motion to reconsider. The problem, as pointed out by the defendants, is that none of those claims constitutes evidence on the basis of which the district court could have found that good cause existed for the delay in service. See Willis v. Sequoyah House, Inc., 2008 OK 87, ¶ 12, 194 P.3d 1285 (explaining that merely inserting facts or statements in a court-filed paper is not an acceptable evidentiary substitute). "These references to proof contained in the paperwork of the case do not constitute evidence of good cause." Id. (emphasis omitted). Thacker's good cause "facts" were not verified and they were not supported by an affidavit or other evidentiary material. See Okla. Dist. Ct. R. 4(c), 12 O.S. Supp. 2013, ch. 2, app. ("Motions raising fact issues shall be verified by a person having knowledge of the facts, if possible; otherwise, a verified statement by counsel of what the proof will show will suffice until a hearing or stipulation can be provided."). Thacker had three opportunities in this case to provide evidence that good cause existed for not serving the defendants within one hundred and eighty days. Two of those opportunities came after the defendants cited Willis and argued to the district court that Thacker had not produced any "evidence" to support his good cause argument. Nonetheless, Thacker continued to rely on non-evidentiary submissions in his pleadings and briefs. Consequently, the district court had no basis on which to find that good cause existed for Thacker's failure to serve the defendants within one hundred and eighty days after filing his petition. And, neither do we.
 
 ¶26 The district court did not err in denying Thacker's motion to reconsider. As a result, that court's July 27, 2018 judgment dismissing Thacker's petition is also affirmed.
 
 CONCLUSION
 
 ¶27 Thacker filed this case in 2015. He did not serve process on the defendants within one hundred and eighty days as required by section 2004(I) of the Pleading Code. In February of 2018, Thacker filed a motion for an extension of time to serve process. Thacker claimed that he had good cause for not serving process within one hundred and eighty days after he filed his case. However, the reasons offered were not verified or supported by evidentiary material, and, therefore, did not provide the district court with a basis for granting Thacker's motion. Although Thacker had the opportunity to support his claim of good cause with evidentiary material, he continued to improperly rely on the "unsworn conclusory statements" submitted by his lawyers. Willis v. Sequoyah House, Inc., 2008 OK 87, ¶ 13. Consequently, the district court did not err when it denied Thacker's motion to reconsider. The district court's July 27, 2018 judgment finding that Thacker's case was deemed dismissed one hundred and eighty-one days after it was filed is affirmed.
 
 ¶28 AFFIRMED.
 
 
 GOODMAN, J., and THORNBRUGH, J., concur.
 
 
 
 FOOTNOTES
 
 
 [1] Willis dealt with a version of the statute that provided the district court "may" dismiss the action if the plaintiff fails to show good cause, and, therefore, held that dismissal was discretionary. Nonetheless, pursuant to the "shall be deemed dismissed" version of the statute, the district court's discretion is still invoked to determine if the plaintiff has sustained the burden to show, with acceptable evidentiary material, good cause for its failure to secure timely service. See Willis, 2008 OK 87, ¶ 19.
 
 
 
 [2] Thacker argued in his motion that the district court erred in finding that the statute of limitations had run before he filed this case and in finding that the court was unaware when it granted the extension that the time for serving summons had expired. Finally, Thacker argued that the effect of the district court's dismissal of this case would prevent him from filing a subsequent case because the statute of limitations had run. We find it unnecessary to address these issues. The failure to show good cause why service was not made within one hundred and eighty days is dispositive, and the district court's dismissal of this case is affirmed solely on that basis. "This Court may render the judgment which the district court should have rendered. . . . This Court may affirm the judgment below on a different legal rationale." Lafalier v. Lead-Impacted Cmtys. Relocation Assistance Trust, 2010 OK 48, n.88, 237 P.3d 181 (citing Dixon v. Bhuiyan, 2000 OK 56, ¶ 9, 10 P.3d 888). The effect of the district court's dismissal of this case on Thacker's ability to file a subsequent case is not an issue in this litigation and is not resolved in this Opinion.
 
 
 
 [3] In doing so, the Court also, and for the first time, interpreted the "within that period" language of section 2004(I) as referring to the time period in which the good cause showing must be made. Previously, that same language had been interpreted as referring to the time period within which service must be made, i.e., one hundred and twenty days, see Mott v. Carlson, 1990 OK 10, 786 P.2d 1247 (overturned on other grounds by Josey, 2019 OK 39, ¶ 16), or one hundred and eighty days. See Thibault v. Garcia, 2017 OK CIV APP 36, 398 P.3d 331; Hough Oilfield Serv., Inc. v. Newton, 2017 OK CIV APP 31, 396 P.3d 320; Moore v. Sneed, 1992 OK CIV APP 107, 839 P.2d 682. In those cases, a motion filed after the statutory period allowed for service would give the plaintiff the opportunity to show good cause why service was not made "within that [statutory] period."
 
 
 
 [4] See, e.g., Cole v. Silverado Foods, Inc., 2003 OK 81, 78 P.3d 542 (rejecting retroactive application of an amendment in a pending case that would have barred the claim by reducing from five to three years the time to pursue certain aspects of a claim).
 
 
 

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1992 OK CIV APP 107, 839 P.2d 682, 63 OBJ 3349, Moore v. Sneed
Discussed
 2014 OK CIV APP 95, 339 P.3d 901, LINAM v. WALMART STORES, INC.
Discussed
 2017 OK CIV APP 31, 396 P.3d 230, HOUGH OILFIELD SERVICE, INC. v. NEWTON
Discussed at Length
 2017 OK CIV APP 36, 398 P.3d 331, THIBAULT v. GARCIA
Discussed at Length
 1978 OK CIV APP 55, 606 P.2d 1141, FEDERAL CORP. v. INDEP. SCH. DIST. NO. 13, PUSHMATAHA CO.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1986 OK 36, 721 P.2d 412, 57 OBJ 1553, Hamilton By and Through Hamilton v. Vaden
Discussed
 1990 OK 10, 786 P.2d 1247, 61 OBJ 309, Mott v. Carlson
Discussed at Length
 2001 OK 21, 24 P.3d 834, 72 OBJ 640, DIGITAL DESIGN GROUP, INC. v. INFORMATION BUILDERS
Discussed
 2001 OK 35, 27 P.3d 477, 72 OBJ 1185, FENT v. OKLAHOMA NATURAL GAS, CO.
Discussed
 2001 OK 95, 37 P.3d 872, 72 OBJ 3399, SMITH v. OKLAHOMA DEPT. OF CORRECTIONS
Discussed
 1966 OK 183, 418 P.2d 949, LA BELLMAN v. GLEASON & SANDERS, INC.
Cited
 2002 OK 67, 58 P.3d 759, CONTEREZ v. O'DONNELL
Discussed
 1995 OK 69, 903 P.2d 293, 66 OBJ 2117, Stites v. Duit Const. Co., Inc.
Discussed at Length
 1968 OK 73, 464 P.2d 748, OKLA. WATER RESOURCES. BD. v. CENTRAL OKLA. MASTER CONSERVANCY DIST.
Discussed
 1970 OK 93, 475 P.2d 167, FIRESTONE TIRE & RUBBER COMPANY v. BARNETT
Discussed at Length
 2003 OK 72, 77 P.3d 1042, TIBBETTS v. SIGHT 'n SOUND APPLIANCE CENTERS, INC.
Discussed
 2003 OK 75, 77 P.3d 1069, HEFFRON v. DISTRICT COURT OF OKLAHOMA COUNTY
Discussed
 2003 OK 81, 78 P.3d 542, COLE v. SILVERADO FOODS, INC.
Discussed
 1996 OK 73, 918 P.2d 1388, 67 OBJ 2060, LCR, Inc. v. Linwood Properties
Discussed
 2007 OK 77, 174 P.3d 996, CREST INFINITI II, LP v. SWINTON
Discussed
 2008 OK 87, 194 P.3d 1285, WILLIS v. SEQUOYAH HOUSE, INC.
Discussed at Length
 1996 OK 125, 932 P.2d 1100, 67 OBJ 3566, Neil Acquisition, L.L.C. v. Wingrod Investment Corp.
Discussed
 2009 OK 65, 222 P.3d 21, KIRBY v. JEAN'S PLUMBING HEAT & AIR
Discussed
 2010 OK 48, 237 P.3d 181, LAFALIER v. THE LEAD-IMPACTED COMMUNITIES RELOCATION ASSISTANCE TRUST
Discussed
 2011 OK 1, 250 P.3d 305, CITY OF BROKEN ARROW v. BASS PRO OUTDOOR WORLD, L.L.C.
Discussed
 2011 OK 9, 247 P.3d 1183, WOODS v. PRESTWICK HOUSE, INC.
Discussed
 2011 OK 57, 270 P.3d 113, TULSA INDUSTRIAL AUTHORITY v. CITY OF TULSA
Discussed
 1977 OK 164, 569 P.2d 974, THOMAS v. CUMBERLAND OPERATING CO.
Discussed
 1978 OK 39, 576 P.2d 1166, GENERAL MOTORS ACCEPTANCE CORP. v. CARPENTER
Discussed
 2015 OK 85, 364 P.3d 644, GOWENS v. BARSTOW
Discussed
 2019 OK 39, 457 P.3d 1007, COLE v. JOSEY
Discussed at Length
 2000 OK 5, 995 P.2d 1141, 71 OBJ 398, Slagell v. Slagell
Discussed
 1982 OK 149, 655 P.2d 547, Mobbs v. City of Lehigh
Discussed
 2000 OK 56, 10 P.3d 888, 71 OBJ 1890, DIXON v. BHUIYAN
Discussed
 1984 OK 24, 681 P.2d 757, Horizons, Inc. v. Keo Leasing Co.
Discussed at Length
 1984 OK 80, 692 P.2d 1364, 55 OBJ 2392, Trinity Broadcasting Corp. v. Leeco Oil Co.
Discussed
 1984 OK 95, 701 P.2d 754, Rogers v. Excise Bd. of Greer County
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 95, Limitation of Other Actions
Discussed
 12 O.S. 100, Limitation of New Action after Reversal or Failure Otherwise than on Merits
Discussed at Length
 12 O.S. 991, Right to Perfect Appeal to Supreme Court without Filing Motion for New Trial - Exemption
Cited
 12 O.S. 994, Procedure When There is More Than One Claim or Party - Final Judgment
Cited
 12 O.S. 1031.1, Authorization to Correct, Open, Modify or Vacate Judgments - Time - Notice - Costs
Cited
 12 O.S. 2001, Scope of the Oklahoma Pleading Code
Discussed
 12 O.S. 2004, 12 O.S. 2004, Process
Discussed at Length
 12 O.S. 2005, Service and Filing of Pleadings and Other Papers
Cited
 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or Motion
Discussed
Title 38. Jurors
 Cite
Name
Level

 38 O.S. 108, Liability for Libel or Slander
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA